[No. 13706. Department Two. May 9, 1917.]

SYLVIA V. CROSE, *Respondent*, v. TONY JOHN *(true name of defendant unknown) et al., Appellants.*[1]

SHERIFFS—DEPUTIES — APPOINTMENT — STATUTES. A general appointment of a deputy sheriff need not be in writing, under Rem. Code, § 3990, authorizing the sheriff to appoint as many deputies as he may think proper, "and persons may also be deputed by any sheriff in writing to do particular acts."

SAME—DEPUTIES—APPOINTMENT—VALIDITY. The appointment by a sheriff of a deputy by giving him a badge containing the words "Deputy Sheriff" and telling him to arrest a certain escaped convict, is valid, either as a general appointment which need not be in writing, or as a special written appointment, the writing on the badge being a sufficient writing.

SHERIFFS—LIABILITY FOR ACTS OF DEPUTY—SCOPE OF AUTHORITY. Where a deputy sheriff fired a shot through a door believing the occupant to be the person he was instructed to apprehend and in an attempt to perform his duty as an officer, he was acting under color of his office, and within the scope of his authority, rendering the sheriff liable to an innocent person who was injured.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $1,312.81 for injuries sustained by a waitress who was shot in the hip, is not excessive, where the removal of the bullet necessitated a large deep cut upon the hip, severing numerous nerves, the plaintiff was in the hospital eighteen days and unable to walk for nine weeks and the physicians' and hospital bills totaled $312.81.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered February 4, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Burt J. Williams* and *Williams & Corbin*, for appellants.
*Arthur G. Morey* and *Ludington & Shiner*, for respondent.

MOUNT, J.—This action was brought to recover damages for an injury received by the plaintiff from a gunshot wound inflicted upon her by the defendant Tony John. Upon a

[1]Reported in 164 Pac. 941.

trial of the case, judgment was entered in favor of the plaintiff for $1,312.81. The defendants have appealed.

The facts are as follows: The defendant Charles Kenyon is the sheriff of Chelan county. The defendant Fidelity and Deposit Company is the surety upon his official bond. Sometime prior to the 25th day of May, 1915, one Fred Trotto, an Italian, had been convicted of a felony and sentenced for a term of years in the penitentiary of the state. He escaped from the penitentiary and was supposed to be in hiding near Wenatchee, in Chelan county. The defendant Tony John, also an Italian, informed the sheriff of the fact that Trotto was in that vicinity. The sheriff thereupon gave to Tony John a deputy sheriff's star, with the words "Deputy Sheriff" imprinted upon it, and also gave him a loaded revolver, and instructed Tony John to wear the star under the lapel of his vest, and show it when necessary. He told Tony John to "go out and get him (Trotto' . . . shoot him, bring him in dead." Tony John took the star and the revolver and went upon his mission to arrest the escaped prisoner, displaying the star upon the lapel of his coat. On the evening of May 25th, 1915, Tony John engaged an inside room at the Del Mundo Hotel, in the city of Wenatchee. At about 11:30 o'clock of that evening, the plaintiff, who occupied an adjoining room, and who had visited a lodge that evening, went to her room. While disrobing and hanging up her clothing on the door between the two rooms, Tony John, without warning, fired two shots through the door connecting the two rooms. The first shot struck the plaintiff in the hip. She ran screaming into the hall, where she came upon Tony John, wearing the star. He held a gun directly in her face. When he saw her, he dropped the gun from his hands. The landlord of the hotel came upon the scene about this time, when Tony John exclaimed: "Me after Trotto. Trotto after me. I think Trotto in woman's clothes."

The plaintiff afterwards recovered from the shot, and brought this suit against Tony John, the sheriff, and the

sheriff's bondsman. The trial resulted in a verdict and judgment as hereinbefore stated. The defendants have appealed from that judgment.

The appellants contend, first, that the court erred in overruling a general demurrer to the complaint, for two reasons: First, that the complaint does not show that Tony John was legally appointed a deputy sheriff; and second, that it does not appear that he was acting within the scope of his authority at the time he did the shooting.

Paragraph VI of the complaint alleges that the sheriff:

"Acting within the scope of his authority as sheriff, employed and deputized the defendant (commonly known as Tony John, but whose true name is to plaintiff unknown) and gave him a loaded revolver belonging to said county, and instructed him to carry the same upon his person, and gave to said John a deputy sheriff's star belonging to said sheriff's office, and directed him to display the same upon his person, and authorized, directed and instructed said John to arrest and secure the person of the said Trotto and for that purpose to shoot him if necessary."

It is argued by the appellants that the statute requires the appointment of a deputy to be in writing. The statute, at § 3990 (Rem. Code), is as follows:

"Each sheriff may appoint as many deputies as he may think proper, for whose official acts he shall be responsible to the amounts of their (his) bond, and may revoke such appointments at his pleasure; and persons may also be deputed by any sheriff in writing to do particular acts; and the sheriff shall be responsible on his official bond for the default or misconduct in office of his deputies."

It is plain from this statute that the sheriff is authorized to make general and special appointments. If the appointment is to do particular acts, then it must be in writing, but not otherwise. The appointment in this case, as alleged in the complaint and proved upon the trial, was made by the sheriff giving the deputy a star with the words "Deputy Sheriff" imprinted thereon, handing him a revolver, and telling him to go and arrest the escaped criminal. The appointment here

made was a general appointment as deputy. It was not a special deputation. The deputy was given an official deputy sheriff's star to wear upon his coat. If it were necessary for the appointment to be in writing, we think the placing of this star in the possession of the deputy by the sheriff was a sufficient writing. The fact that the writing was upon metal was as effective to show his authority as if it had been written on paper and retained in the sheriff's office. 30 Am. & Eng. Ency. Law (2d ed.), p. 1303. So, whether the appointment was general or special, it was sufficient under the statute in either case. We are of the opinion, therefore, that the complaint was sufficient upon this point.

It is next argued that it does not appear from the complaint that Tony John was acting within his authority as a deputy sheriff when he shot the respondent. The complaint alleges, at paragraph VIII, as follows:

"That, on the 25th day of May, 1915, while acting within the scope of his authority as said deputy, and armed as aforesaid, and while attempting to apprehend, arrest and secure said Trotto, and believing the plaintiff herein to be said Trotto, but without taking any means or precautions whatever to satisfy himself of such fact, the defendant Tony John did, without provocation . . . wrongfully, heedlessly and feloniously shoot at said plaintiff through the closed door of her room with said revolver, believing said shot was necessary to secure the body of the said Trotto . . ."

It is plainly alleged here that the act was done by Tony John while acting within the scope of his authority as such deputy sheriff. In the case of *Johnson v. Williams*, 111 Ky. 289, 63 S. W. 759, 98 Am. St. 416, 54 L. R. A. 220, a Kentucky case, two deputies were sent out by a sheriff to arrest the person charged with felony, and they discovered two men in a buggy, one of whom they believed to be the guilty person, and their command to stop being not obeyed, one of the deputies shot, killing one Williams, who was in the buggy. The sheriff in that case was held liable, because the deputy acted under color of his office.

So, in this case, the complaint alleges, and the evidence clearly shows, that, at the time Tony John fired the shot through the door, he believed the occupant of the room was the person he was looking for. He fired the shot in an attempt to perform his duty as an officer. He was acting as such officer, and fired the shot because he was instructed by the sheriff to bring the prisoner in dead. There can be no doubt that he acted under color of his office, and the complaint and the facts in the case are sufficient to show that he was acting within the scope of his authority as a deputy sheriff. *Greenius v. American Surety Co.*, 92 Wash. 401, 159 Pac. 384.

Several instructions were excepted to, and are briefly argued by the appellants, but they raise the same questions which are disposed of in what is said above. There was no error in the instructions.

It is lastly argued that the verdict is excessive. The record shows that the bullet which struck the respondent passed through the fleshy part of the hip near the pelvic bone. In order to remove the bullet, which necessitated an operation, a cut, three and one-half or four inches long, and two and one-half inches deep, was made upon her hip. Numerous small nerves were injured. She was in the hospital for eighteen days; on crutches thereafter for a week; and was unable for more than nine weeks to follow her occupation, which was that of a waitress. Her condition thereafter was very nervous. Her expenses, physicians' and hospital bills totaled $312.81. The jury evidently fixed the sum of $1,000 for pain and suffering. We are satisfied, from the facts in the case, that this sum was a reasonable compensation for her injury. At any rate, it was not excessive.

We find no error in the record. The judgment appealed from is affirmed.

Ellis, C. J., Fullerton, Parker, and Holcomb, JJ., concur.