[No. 11140–0–I. Division One. June 22, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. MARTY A. KOETJE, *Appellant*.

*Jack T. Brooks,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David Chappel, Deputy,* for respondent.

ANDERSEN, C.J.—

### FACTS OF CASE

The defendant, Marty A. Koetje, appeals an Order Deferring Imposition of Sentence entered following a jury verdict finding him guilty of attempting to elude a pursuing police vehicle. RCW 46.61.024.

The operative facts are not controverted. On May 15, 1981, at approximately 12:30 a.m., a City of Des Moines police officer in a marked police car observed the defendant drive through a red traffic light. The street on which this occurred was half in Des Moines and half in unincorporated King County. The officer thereupon attempted to stop the defendant. A chase ensued. The defendant was caught and arrested. All of the defendant's acts, including the initial traffic infraction, were committed in unincorporated King County and not within the Des Moines city limits.

Prior to the defendant's jury trial, the defendant moved to suppress the evidence of his arrest contending that the arresting officer had no authority to arrest him outside the Des Moines city limits. Finding that the arresting officer had been previously appointed as a deputy by the King County Department of Public Safety, and had a "special commission" in writing without any limitation appearing thereon issued to him, the trial court ruled that the officer

did have legal authority to arrest and denied the defendant's motion.

Subsequently, at a jury trial the defendant was found guilty of the offense of attempting to elude a pursuing police vehicle.

The defendant's appeal presents one basic issue.

ISSUE

Did the arresting officer, a City of Des Moines police officer, have authority to arrest a defendant outside the city for an offense which the officer saw the defendant commit outside the city?

DECISION

CONCLUSION. Because the arresting Des Moines police officer also had a deputy's commission from the King County Department of Public Safety, he had legal authority to arrest the defendant when and where he did.

A state statute provides:

> Every deputy sheriff shall possess all the power, and may perform any of the duties, prescribed by law to be performed by the sheriff, and shall serve or execute, according to law, all process, writs, precepts, and orders, issued by lawful authority.
>
> Persons may also be deputed by the sheriff in writing to do particular acts; including the service of process in civil or criminal cases, and the sheriff shall be responsible on his official bond for their default or misconduct.

RCW 36.28.020.

In the early case of *Crose v. John,* 96 Wash. 216, 164 P. 941 (1917), the State Supreme Court interpreted Rem. 1915 Code § 3990, the predecessor to RCW 36.28.020, set out above, which contained similar language. As the court there observed:

> It is plain from this statute that the sheriff is authorized to make general and special appointments. *If the appointment is to do particular acts, then it must be in writing, but not otherwise.* The appointment in this case, as alleged in the complaint and proved upon the trial, was made by the sheriff giving the deputy a star with the

words "Deputy Sheriff" imprinted thereon, handing him a revolver, and telling him to go and arrest the escaped criminal. The appointment here made was a general appointment as deputy. It was not a special deputation. The deputy was given an official deputy sheriff's star to wear upon his coat. If it were necessary for the appointment to be in writing, we think the placing of this star in the possession of the deputy by the sheriff was a sufficient writing. The fact that the writing was upon metal was as effective to show his authority as if it had been written on paper and retained in the sheriff's office. 30 Am. & Eng. Ency. Law (2d ed.), p. 1303. So, whether the appointment was general or special, it was sufficient under the statute in either case.

(Italics ours.) *Crose v. John, supra* at 218–19. *See State v. Eldred,* 76 Wn.2d 443, 447, 457 P.2d 540 (1969).

 In the case before us, the uncontroverted testimony at the suppression hearing established that the Des Moines police officer, prior to the defendant's arrest, had received a special commission from King County. It was without restriction or limitation. The officer also received an identity card entitled "Special Commission—King County Department of Public Safety." That card contained the officer's photograph, name, rank and badge number. It also declared that the officer holds a special commission "*as a peace officer of the Department of Public Safety, King County, State of Washington.*" (Italics ours.)

Thus here, as in *Crose,* the arresting officer's commission amounted to a general appointment as a King County deputy since it was without restriction. The fact that the printed identity card used the word "special" to qualify the word commission did not, without additional language of limitation, alter the Des Moines officer's authority to enforce the laws in King County as the commission specifically authorized.[1] *See Crose v. John, supra; State v. Eld-*

---

[1]After reviewing such record as was presented in this case, it is evident that the reference in the identity card to "special commission as a peace officer" was not used in the sense contemplated by the second paragraph of RCW 36.28.020 which relates to written appointments to do particular circumscribed acts such as serving process. *See* RCW 36.28.020. It appears rather that the intended usage

*red, supra.* As with the deputy's metal star in *Crose,* the card was only an outward manifestation of the officer's authority. *See Crose v. John, supra* at 219. The trial court did not err in ruling, as it did, that the Des Moines police officer had authority to arrest the defendant and in denying the defendant's motion to suppress.[2]

The defendant also questions the sufficiency of the evidence to prove all elements of the offense. He has not, however, made a report of proceedings of the jury trial a part of the appellate record. Matters referred to in a brief, but not included in the record, cannot be considered on appeal. *State v. Stockton,* 97 Wn.2d 528, 530, 647 P.2d 21 (1982).

Affirmed.

RINGOLD and DURHAM, JJ., concur.

Reconsideration denied August 9, 1983.

Review denied by Supreme Court November 4, 1983.

---

was to simply distinguish those deputies who are permanently and regularly employed as King County peace officers from officers of other jurisdictions who have been given the authority to enforce the laws in King County during their time on duty as police officers in other jurisdictions.

[2]Since we conclude that the Des Moines police officer had the authority to arrest the defendant by virtue of his King County commission, it is unnecessary to address the defendant's alternative contention that the arrest would not be lawful in the absence of such authority.