[No. 17524-6-I. Division One. April 23, 1986.]

LYLE OLSON, ET AL, *Respondents*, v. JEFFREY HAAS, ET AL, *Petitioners*.

*Davis, Wright, Todd, Riese & Jones, Evan L. Schwab,* and *John C. Millian,* for petitioners.

*Richards & Kinerk* and *Steven Sitcov,* for respondents.

PER CURIAM.—Petitioners Haas, Lewis and McCray have filed a motion for discretionary review of a trial court order compelling the production of certain documents. The trial court determined that the documents were not protected by the attorney/client privilege and ordered disclosure. We grant review, reverse and remand.

In a suit which preceded the present action, Haas represented Norman Anderson and the Olsons on claims which were tried in federal court. Anderson and Olson received a jury verdict in their favor for business loss and Anderson also apparently received a verdict for general damages. In the present action, the Olsons seek damages from Haas on a theory of legal malpractice, alleging that the attorneys failed to properly present the Olsons' claim for general damages in the prior suit.

During the federal suit, there were periods when the Olsons were represented by Haas and other periods when they were not. Haas first agreed to represent Anderson and later agreed to represent the Olsons. A complaint was filed in federal district court on behalf of both. Haas then withdrew as the Olsons' counsel but reestablished the relationship approximately 2 years later and represented Anderson and the Olsons at trial. Haas withdrew as counsel for the Olsons after a verdict was entered. Haas represented Anderson throughout the entire period.

In the legal malpractice action, the Olsons sought production of 14 documents, some of which are dated prior to the period when Haas agreed to represent the Olsons, some of which are dated in the period between Haas' first withdrawal and the time of trial, and one of which is dated after Haas withdrew following entry of the verdict. Haas objected to discovery, asserting the attorney/client privilege.

The trial court determined that the privilege would not apply because Anderson was not a party. Anderson has filed affidavits which indicate that he has not waived and does not intend to waive the attorney/client privilege to allow production of the documents.

The issue presented is whether the attorney/client privilege may be asserted by the attorney in a proceeding where the attorney is a party but the client is not.

The attorney/client privilege in Washington is statutory. RCW 5.60.060(2) provides:

> An attorney or counselor shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment.

In granting the motion to compel, the trial court relied on 5 K. Tegland, Wash. Prac. § 172, at 375 (2d ed. 1982) which provides:

> In deciding waiver questions the court has stated that the privilege belongs to the client and not to the attorney. It would follow that if a client is a party and his opponent seeks to introduce his communications with his attorney, he can object through his trial attorney. In a case in which the client is not a party and is not present at the trial, it would follow that neither party could object.

(Footnotes omitted.) *State v. Emmanuel,* 42 Wn.2d 799, 259 P.2d 845 (1953) and *Williamson v. Williamson,* 183 Wash. 71, 48 P.2d 588 (1935) are cited in support of this proposition.

In *Emmanuel,* Emmanuel's attorney attempted to question Emmanuel, Emmanuel's prior attorney, and a Mr. England about statements made by Mr. England's attorney at a meeting where England, Emmanuel and their respective counsel were present. The State successfully asserted the attorney/client privilege as a bar to the testimony. On appeal, the Supreme Court held that the privilege could not be claimed by the State.

In *Williamson,* an action for alienation of affections, the plaintiff/wife attempted to introduce a letter written to her

by her husband explaining why he was leaving her. The husband's mother, who was the defendant, objected to introduction of the letter on the ground that it was a privileged communication between husband and wife. The Supreme Court held that the mother was not entitled to invoke the privilege. *Williamson* and *Emmanuel* are consistent but neither supports the trial court's decision in the instant case.

█ Under the plain terms of RCW 5.60.060(2), an attorney shall not be examined without the consent of the client. In *Dike v. Dike*, 75 Wn.2d 1, 448 P.2d 490 (1968), the court acknowledged that an attorney will not be required to disclose a privileged communication where the client is not a party in the action in which disclosure is sought. The rule uniformly applied is that the privilege is personal to the client, however, the client's lack of standing as a party is not a bar to assertion of the attorney/client privilege by his attorney. *See* 8 J. Wigmore, *Evidence* § 2321 (rev. 1961); E. Cleary, *McCormick on Evidence* § 92 (3d ed. 1984); 2 J. Weinstein & M. Berger, *Evidence* ¶ 503(c)[01] (1985); *Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551 (2d Cir. 1967). The attorney is presumed to have the authority to claim the privilege on behalf of the client unless evidence to the contrary is offered. *See* 2 J. Weinstein & M. Berger, *supra.*

Here, Haas as a party could not assert the privilege on his own behalf. However, under Rule of Professional Conduct 1.6 Haas cannot reveal Anderson's confidences or secrets unless Anderson consents after consultation. Haas was presumed to have the authority to assert the privilege on behalf of Anderson and Anderson has stated in an affidavit that he has not waived the privilege. Under these circumstances, the trial court appears to have erred in ordering disclosure.

As an alternative ground, Olson argues that the privilege does not apply because the communications took place when the attorney represented joint clients with a common interest. *See Cummings v. Sherman*, 16 Wn.2d 88, 132 P.2d

998 (1943). The record produced at the hearing below is insufficient to evaluate this argument. It is not clear, for instance, exactly when each of the communications occurred. Several of the documents are memoranda of conversations and, although the date of the document is shown, the date of the conversation is not. Because the documents are not actually before us and do not appear to have been examined by the trial judge, we do not know if they actually pertain to communications which would be privileged. It is also unclear how the joint client rule should be applied to the various periods involved in this case and whether there has been any waiver of the attorney/client privilege. On remand, the trial judge should determine the facts relating to the application of the privilege to each of the documents and conduct, if necessary, an in camera examination of the documents themselves.

Reversed and remanded.