[No. 7971–2–II.   Division Two.   December 22, 1986.]

IONE SUSAN WHETSTONE, *Appellant,* v. FRED OLSON, ET AL, *Respondents.*

*Robert I. Deutscher,* for appellant.

*Richard T. Vlosich,* for respondents.

REED, A.C.J.—The plaintiff, Ione Susan Whetstone, seeks reversal of a trial court order dismissing with prejudice her sexual harassment suit against her former employer and a fellow employee. We are asked to decide whether the trial court was correct when it concluded that the plaintiff could not rely on the attorney/client privilege in order to prevent an in camera inspection of a taped communication made by her to her former attorney. The trial court ruled that a sufficient inference had been created that this communication related to the furtherance of a contemplated fraud so as to defeat the privilege and render an in camera review appropriate. We affirm as to the dismissal, but reverse as to the award of fees to defendants.

During a jury trial of plaintiff's sexual harassment suit it was revealed that her attorney had in his possession a transcript of a recorded meeting between the plaintiff and her former attorney. The defendants moved that this transcript be turned over to the court for an in camera inspection, arguing that the sequence of alleged instances of sexual harassment tended to show that the plaintiff had consulted her first attorney as to the requisites for a claim of sexual harassment, and that she purposefully had then taken steps to fabricate such a claim.

The trial court agreed and ordered that the document be produced for an in camera inspection. When the plaintiff refused to comply, asserting the attorney/client privilege, RCW 5.60.060(2), the court dismissed her case with prejudice.

Initially, it should be pointed out that the propriety of the sanction of dismissal is an issue which was not presented for our review in this case. We are asked to determine only whether the privilege extends to this

communication, and whether the award of fees was proper under RCW 4.84.185. We express no opinion as to whether dismissal was an appropriate sanction.

It is well established that the attorney/client privilege does not extend to communications in which the client seeks advice to aid him in carrying out an illegal or fraudulent scheme. *State v. Metcalf,* 14 Wn. App. 232, 540 P.2d 459 (1975); *State v. Richards,* 97 Wash. 587, 167 P. 47 (1917); C. McCormick, *Evidence* § 95 (3d ed. 1984).

Although the exception was at one time limited to criminal activity, it also is now well settled that this exception is applicable to advice or aid secured in the perpetration of a civil fraud. *State v. Metcalf, supra;* Annot., *Attorney–Client Privilege as Extending to Communications Relating to Contemplated Civil Fraud,* 31 A.L.R.4th 458 (1984).[1] The rationale for excluding such communications from the attorney/client privilege is that the policies supporting the existence of the privilege are inapplicable where the advice and aid sought refers to future wrongdoing rather than prior misconduct. 8 J. Wigmore, *Evidence* § 2298 (1961).

It does not matter that the attorney was unaware of his client's purpose for seeking the advice. His knowledge or participation is not necessary to application of the exception. *State v. Metcalf,* 14 Wn. App. at 240; C. McCormick, *supra.* However, the exception applies only when the client knows, or reasonably should know, that the advice is sought for a wrongful purpose. Good faith consultations with attorneys by clients who are uncertain about the legal implications of a proposed course of conduct are entitled to the protection of the privilege even if that action should later be held improper. *State ex rel. North Pac. Lumber Co. v. Unis,* 282 Or. 457, 464, 579 P.2d 1291, 1295 (1978); C. McCormick, *supra;* J. Wigmore, *supra.*

---

[1]Because the present case involves a claim of fraud, we do not reach the question of whether this exception to the privilege extends to other forms of contemplated tortious conduct. *See generally* Annot., *Applicability of Attorney–Client Privilege to Communications With Respect to Contemplated Tortious Acts,* 2 A.L.R.3d 861 (1965).

The burden is of course upon the party asserting the exception to the privilege. He must show that the exception applies to an otherwise privileged communication. However, there is a division of authority as to whether this showing must amount to a prima facie case, or whether some lesser quantum of proof is adequate. *See generally* Annot., *Attorney–Client Privilege as Extending to Communications Relating to Contemplated Civil Fraud,* 31 A.L.R.4th 458 (1984).

In recognition of the significant proof problems facing the proponent of the exception, the Colorado courts require only that there be a showing of some foundation in fact for the alleged wrongful conduct in order to place the communication before a *grand jury, A v. District Court,* 191 Colo. 10, 550 P.2d 315 (1976), *cert. denied,* 429 U.S. 1040, 50 L. Ed. 2d 751, 97 S. Ct. 737 (1977), or to render the communication discoverable by an opposing party in a civil suit. *Caldwell v. District Court,* 644 P.2d 26, 31 A.L.R.4th 446 (Colo. 1982).[2] Further, in Colorado, a judge may order a document produced for an *in camera* inspection to determine whether the privilege applies whenever the privilege is contested. *A v. District Court,* 550 P.2d at 326; *accord, Caldwell v. District Court,* 644 P.2d at 33.

We decline to follow the Colorado rule because we believe it affords too little protection to the attorney/client relationship. We hold that an in camera review is not warranted whenever a bare allegation of fraud is asserted. Instead an in camera inspection of the communication itself is warranted upon a showing of a factual basis adequate to support a good faith belief by a reasonable person that

---

[2]McCormick is in accord with the Colorado rule, *see* C. McCormick, *supra.* It is interesting to note that in *A v. District Court,* the precise issue before the Colorado court was the proponent's burden to place the attorney/client communication before a *grand jury.* The court concluded that the "some foundation in fact" standard adequately balanced the competing interests of protecting the relationship versus the grand jury's entitlement to every man's evidence. Then, in *Caldwell v. District Court,* the Colorado court, relying on *A v. District Court,* applied the same standard to discovery in a civil suit, with no discussion of the very different interests which compete in a civil suit.

wrongful conduct sufficient to invoke the crime or fraud exception to the privilege has occurred. This is the intermediate burden of proof adopted as the threshold of full disclosure by the Colorado court. We believe this evidentiary threshold is more appropriate to determine whether an in camera review is warranted.[3]

Applying this analysis to the case sub judice, we now can determine whether the defendants have satisfied the burden for an in camera review. We believe they have presented a factual basis adequate to support a good faith belief that wrongful conduct occurred.

The evidence shows that the plaintiff consulted her first attorney on March 20. Several instances of alleged sexual harassment indeed occurred immediately after that meeting. However, this alone would be insufficient to strip the privilege even so far as to require an in camera examination. That those instances were welcomed or provoked by plaintiff can be shown by the defendants by other means less intrusive upon the privilege. Moreover, they are free to argue to the jury the inference that the plaintiff was attempting to fabricate this claim, without viewing the substance of the attorney/client communication. The date on which the plaintiff saw her attorney is not privileged in any case.

In addition, it is clear that the plaintiff took steps to impute to the company the harassment by her fellow employee only after March 20. However, this again is

---

[3]A procedure which includes a lower threshold for an in camera review is necessary because "'the secret must be told in order to determine whether it must be kept.'" *Hamil & Co. v. England,* 50 Mo. App. 338, 348 (1892). *Cf. State v. Garcia,* 45 Wn. App. 132, 724 P.2d 412 (1986) (an in camera review appropriate to determine whether documents in possession of prosecutor are subject to disclosure under CrR 4.7); *Olson v. Haas,* 43 Wn. App. 484, 718 P.2d 1 (1986) (on remand, trial judge may conduct in camera review of documents to see if privilege applies); *Amoss v. UW,* 40 Wn. App. 666, 700 P.2d 350 (1985) (trial court's determination, after conducting in camera review, that documents were privileged upheld on appeal); *see also In re Grand Jury Proceeding,* 721 F.2d 1221 (9th Cir. 1983) (if disputed, materials sought should be submitted to the court for an in camera inspection).

insufficient to eliminate the privilege. That she learned from her first attorney that she had a right to complain to the company, and to expect corrective action, does not support a good faith belief that any fabrication was contemplated.[4]

We are convinced, however, that the defendants' burden has been met by their showing that after plaintiff visited her first attorney, she set out to unduly influence a fellow worker to substantiate her claim.

One of the plaintiff's witnesses, Debbie Avery, was a fellow secretary who worked closely with the plaintiff. Soon after the plaintiff's initial meeting with her first attorney, that attorney met again with Whetstone and Avery. That meeting was also recorded; however, no statements of the plaintiff were recorded at that time. The recorder was operated only when the witness Avery was speaking. Avery admitted at trial that at that meeting the plaintiff would relate an incident of harassment. Then with the recorder turned on, Avery was asked to relate the same story. Avery admitted being influenced at that time by the plaintiff's version of the events.

This "coaching" of a witness is sufficient to trigger the future fraud exception to the attorney/client privilege so as to allow an in camera review. Enough suspicion is thus cast upon the plaintiff to create a reasonable belief that the exception may apply. The trial court was correct when it concluded that the privilege does not extend to protect this communication from an in camera review.

Finally, we are asked to determine whether the trial court's award of attorney fees to the defendants was proper. The fees were awarded pursuant to RCW 4.84.185 which states:

> Prevailing party to receive expenses for opposing frivolous action or defense. In any civil action, the court having jurisdiction may, upon final judgment and written

---

[4]For the elements of a prima facie case of work environment sexual harassment, *see Glasgow v. Georgia–Pacific Corp.,* 103 Wn.2d 401, 693 P.2d 708 (1985).

findings by the trial judge that the action, counterclaim, cross–claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the non-prevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross–claim, third party claim, or defense. This determination shall be made upon post–trial motion, and *the trial judge shall consider the action, counterclaim, cross–claim, third party claim, or defense as a whole.*

(Italics ours.)

The plain language of the statute provides that the determination that an action is frivolous shall be made only after the judge has considered the action as a whole. Here, the plaintiff's action was dismissed before she had presented her entire case. Therefore, the award of fees cannot stand.

The dismissal is affirmed. The award of fees is reversed.

PETRICH and ALEXANDER, JJ., concur.