Orin J. FARNSWORTH, et al., Plaintiffs,

v.

VAN COTT, BAGLEY, CORNWALL & McCARTHY, Defendant.

No. 91–C–496.

United States District Court, D. Colorado.

Feb. 4, 1992.

## MEMORANDUM OPINION AND ORDER

RICHARD M. BORCHERS, United States Magistrate Judge.

THIS MATTER is before the Court on Defendant's motion for entry of a protective order. A hearing was held on the motion on January 3, 1992. Present at that hearing were the following: Robert Schuster and Phillip Pearlman, attorneys for Plaintiff; Plaintiffs Orin and Jacquline Farnsworth; and William McClearn and Jack Smith, attorneys for Defendant.

Argument was presented by counsel. The matter was then taken under advisement. This memorandum opinion and order constitutes the Court's resolution of the Defendant's motion.

### I.

The history of this case is now long and tortured. The following is a brief resume of those facts necessary for resolution of the motion.

Defendant is a law firm with its principal place of business in Salt Lake City, Utah. Plaintiffs Orin and Jacquline Farnsworth were residents of Craig, Colorado for most of time at issue in this case. They were in business, primarily in minerals and mining, in Utah, Colorado, and elsewhere. They also had established the Farnsworth Family Limited Partnership, the other Plaintiff in this case.

In the early 1980's, Plaintiffs sought out and secured the representation of Defendant. This attorney-client relationship continued until November, 1984 when Defendant ceased representing the Plaintiffs. During most of this period of time, Robert K. Rogers, a partner in the Defendant firm, was the primary attorney in charge of Plaintiffs' work. Mr. Rogers was denominated by Defendant as the supervisory or billing attorney for the firm. As such, Mr. Rogers was responsible for overseeing the work done for Plaintiffs by other attorneys in the firm.

During this same period of time, two corporations were formed by Plaintiff Orin

Charles L. Thoeming, Clements & Allen, Dallas, Tex., G.L. Spence, Robert P. Schuster, Spence, Moriarity & Schuster, Jackson, Wyo., for plaintiffs.

Jack L. Smith, William C. McClearn, Holland & Hart, Denver, Colo., James A. Ellis, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for defendant.

Farnsworth. These corporations, Centennial Gold Corporation (Centennial) and Marathon Gold Corporation (Marathon), were begun by Orin Farnsworth, but later became publicly traded corporations. The legal work for these corporations was also done by Defendant. The supervising attorney for the work for these corporations was Robert Rogers.

It is not disputed that during the period of time that Defendant handled Plaintiffs' legal work that a substantial amount of fees were billed by Defendant. It is also not disputed that a large portion of the billed fees were paid by Plaintiffs.

In late Summer, 1984, Robert Rogers and his wife commenced a personal lawsuit against individual Plaintiffs. This was filed in Texas and involved allegations of fraud and securities violations dealing with various stocks and related documents that Mr. and Mrs. Rogers had received. The lawsuit began while Defendant and Mr. Rogers continued to do legal work for Plaintiffs.

Defendant attempted to continue to do legal work for Plaintiffs. Robert Rogers left his partnership position with Defendant in September, 1984. Shortly thereafter, Defendant filed, through its management committee, a grievance against Robert Rogers. It then withdrew its representation of Plaintiffs, as well as Marathon and Centennial.

In 1987, Plaintiffs commenced in this Court a professional malpractice action against Defendant. That case was dismissed upon motion of Defendant. It was then refiled in Texas, and Defendant again attempted to get it dismissed. Instead, the case was transferred back to this Court.

Plaintiffs have commenced discovery against Defendant. In response to these discovery requests and notices of deposition, Defendant has raised the attorney-client privilege, as it relates to records and testimony dealing with Centennial and Marathon. It is fair to say that most discovery has now bogged down as a result of this issue being raised in the motion for protective order filed by Defendant.

## II.

The thrust of Defendant's motion and argument is that the two corporations have not waived the attorney-client privilege and, therefore, Defendant, its employees, former employees, and related possible deponents may not discuss anything dealing with those corporations. On the other hand, Defendant has specifically requested in its motion for permission to use some documents in its own defense.

There are some additional facts that are relevant for consideration as to this issue. Orin Farnsworth was the president and chief operating officer of both Centennial and Marathon until 1985. He then left both. Those corporations were subsequently merged into what is now American Consolidated Growth Corporation (American). It is alleged that American has refused to waive the attorney-client privilege as it pertains to the predecessor corporations, Centennial and Marathon. For purposes of the motion, it will be accepted that American has refused to waive such privilege.

Defendant's motion is predicated upon the argument that Centennial and Marathon were separate entities, thus having separate attorney-client privileges. Plaintiffs dispute this, arguing that the relationship between Plaintiffs and Defendant also included the corporations as joint clients. Plaintiffs also argue that this motion is nothing more than a continuation of the previous attempts by Defendant to deny them their day in court. Though this Court need not pass on Defendant's motives in filing this motion, it would be fair to say that many roadblocks have been raised that have delayed a resolution of this controversy on the underlying facts.

A fair and reasonable reading of this entire file, as well as consideration of those facts undisputed by Defendant, indicates the following:

1. That Plaintiff Orin Farnsworth was the founder of Marathon and Centennial and the principal officer of each corporation during the time in question.

2. That Plaintiffs were the principal shareholders in the corporations during the time period in question.

3. That Robert Rogers was the supervising attorney for Defendant during most of the time in question, and Mr. Rogers did or supervised work for Plaintiffs, Marathon, and Centennial all at the same time.

4. That billings and correspondence for Plaintiffs and the corporations were sent by Defendant to Orin Farnsworth, often in the same envelope or on the same document.

5. That the legal work done by Defendant for Plaintiffs, Marathon, and Centennial was intertwined and not easily distinguishable.

6. That Defendant ceased doing legal work for Plaintiffs and the corporations in November, 1984.

7. That Defendant did file a formal grievance against Robert Rogers and, prior to that, requested that he depart from the firm.

Defendant's argument really does not make a great deal of sense when all of the facts are analyzed. Orin Farnsworth was the founder and principal officer in Marathon and Centennial during the time that is at issue here. He was the officer of the corporation who could then have waived the attorney-client privilege. Defendant now argues that any privilege, assuming one exists, can be waived only by a new officer in a new corporation who knows little or nothing as to what transpired between Plaintiffs and Defendant in 1984. It is entirely possible that all that the corporate officer of American knows is what he or she has been told by someone on behalf of Defendant.

Defendant's argument takes a quantum leap in arguing that what was discussed with Plaintiffs concerning the corporations at some point prior to November, 1984 must now be segregated and suppressed. This would preclude, in effect, most discovery for Plaintiffs, particularly with Plaintiffs and the corporations being so closely related and intertwined.

Arguably, the privilege for each corporation was waived when there was discussion with Plaintiffs of privileged matters in 1984 and before. If Robert Rogers, as well as others, dealt with Orin Farnsworth primarily, then it does seem a bit far fetched to now argue that there should not be a discussion of what was or should have been discussed with him prior to termination of representation of Plaintiffs and the corporations.

■ Even if the Court assumes that a privilege exists and that American may now raise it, the joint client exception does apply. This exception appears to be recognized in Utah. *Evans v. Evans*, 8 Utah 2d 26, 327 P.2d 260 (1958). Other jurisdictions have also reviewed and adopted the joint client exception. *See Eureka Investments Corp., N.V. v. Chicago Title Insurance Co.*, 743 F.2d 932 (D.C.Cir.1984); *Alexander v. Superior Court*, 141 Ariz. 157, 685 P.2d 1309 (1984); *Olson v. Haas*, 43 Wash. App. 484, 718 P.2d 1 (1986). In this case, the documents present by Defendant solely indicate that a pattern of behavior existed that treated all of the parties as one "family." Robert Rogers and others in the firm did not segregate the activities of one from the other. Plaintiffs and the corporations were treated as joint clients, because that is exactly what they were.

Defendant has also argued that it should be allowed to use some documents pertaining to Centennial and Marathon for its own defense. Certainly, there is no question that Defendant has a right to defend itself in this action. *First Fed. Sav. & Loan v. Oppenheim, Appel, Dixon*, 110 F.R.D. 557 (S.D.N.Y.1986). Yet, its position appears awkward. If Centennial and Marathon were segregated accounts, then why would there be a need to utilize documents from those accounts? The answer is that these were not segregated accounts.

Further, Defendant cannot pick and choose what documents it wishes to rely upon in its self-defense. It would appear to this Court that Defendant cannot have it both ways. If documents are necessary for the defense of Defendant, then they should be presented to the fact-finder. The

reverse is also true in that documents may exist that would warrant a different inference by the fact-finder.

This Court has reviewed legal authorities cited by the parties. A joint client exception does exist up to and including the point when Defendant ceased doing legal work on behalf of Plaintiffs. Defendant, its employees, officers, and those related will be required to provide documents and testimony concerning the relationship between Plaintiffs and Defendant, including the relationships of Centennial and Marathon. In addition, Defendant may utilize those documents it believes are essential for its self-defense.

As to matters that arise after the end of the attorney-client relationship involving Plaintiffs and Defendant, those will have to be taken up on a case-by-case basis. For instance, if Defendant began doing work for American at a given point after Orin Farnsworth's departure from the corporations, then that would appear to be privileged. Counsel for the parties are directed to advise the Court in writing if such issues are now anticipated.

### III.

■ An issue has also been raised as to the privilege extending to the grievance filed by Defendant through its management committee concerning Robert Rogers. Defendant argues that under Utah law this document is confidential and cannot be used in this case. This Court disagrees.

The letter from the management committee to the Utah Bar has been tendered to the Court over objection of Defendant. This Court has reviewed it. The letter contains a number of statements that are relevant or potentially relevant to this case. It would also seem to this Court that the grievance was an initial first step by Defendant in its defense by trying to put distance between itself and its former member.

This letter is not privileged. The Procedures of Discipline of the Utah State Bar, *Utah Code of Judicial Administration,* provide that not all information is privileged. Though a complainant enjoys im-

munity from civil liability when filing a complaint against an attorney, there is no absolute confidentiality of proceedings. *See* Rule VI. The Code specifically provides that confidentiality may be waived by the lawyer against whom it is filed, if the complaint is based upon a criminal conviction, or the disciplinary matter is based upon allegations "that have generally become known to the public." Rule VI provides only for confidentiality, not privilege or immunity. There is nothing to suggest that this Court should deny discovery of the initial letter of complaint sent by Defendant to the Utah State Bar.

Whatever is contained in the file of the Utah Bar may well be unavailable for inspection, but that file is not before this Court. It also appears that the letter is, for want of a better term, a matter of common knowledge, as Plaintiffs' counsel have a copy of it. This letter will not be protected by this Court.

### IV.

■ Plaintiffs have raised two points in their response to the Defendant's motion for protective order. The first is a request for attorney's fees in defense against the motion. Though there are many troubling aspects to Defendant's motion, this Court cannot say without reservation that the motion was baseless. The issues raised by Defendant had a legal basis and needed to be resolved. No attorney's fees will be assessed against Defendant.

Second, Plaintiffs argue that the Court must be further involved in insuring that discovery is completed promptly. The Court agrees with this request. Counsel for the parties shall submit in writing on or before February 21, 1992 a statement as to depositions that remain to be taken, discovery that is still outstanding, and what additional discovery is anticipated. Included should be a proposed timetable for completion of this discovery.

Upon receipt of the statements from counsel, the Court will review them. A telephone status conference will then be set.

IT IS HEREBY ORDERED that Defendant's motion for protective order is denied; and

IT IS FURTHER ORDERED that each side is to pay their own attorney's fees and costs as to this motion; and

IT IS FURTHER ORDERED that counsel for each side shall submit on or before February 20, 1992 a statement as to remaining discovery that has to be completed; and

IT IS FURTHER ORDERED that a telephone status conference will be set after review of the statements submitted by counsel.