[No. 29915-8-I.  Division One.  August 9, 1993.]

JAY W. HAMILTON, ET AL, *as Trustees,* ET AL, *Respondents,* v. ROSALIND RAMBERG HUGGINS, *Appellant.*

*William J. Morris, Kenneth W. Hart,* and *Casey & Pruzan,* for appellant.

*Robert C. St. Louis* and *Aiken, St. Louis & Siljeg, P.S.,* for respondents.

GROSSE, J. — This appeal centers around an award of attorney fees in a partition action. We reverse that portion of the decision taxing the appellant, Rosalind Ramberg Huggins, with attorney fees and costs incurred which were not for the common benefit.

Ingwald Ramberg was married twice and had three children. Rosalind Ramberg Huggins and Roland Ramberg were offspring of Ingwald Ramberg's marriage to Jacquelene S. Ramberg, now Siegel. After divorcing Jacquelene, Ingwald Ramberg married Elinor Ramberg and they had a son, Sterling Ramberg. Prior to his death, Ingwald established a number of trusts.

One of those trusts was a residuary trust created under his will, the purpose of which was to provide income to the surviving spouse, Elinor. Among other assets, that trust owned one-half of an industrial property known as the Mesco Building. The remaining one-half of the property was owned by Ingwald's three children in undivided interests, or an undivided one-sixth of the total property each.

After Ingwald died, Jay Hamilton served as the managing agent for the Mesco Building. In February 1989, Rosalind Ramberg Huggins attempted to terminate Hamilton's authority as to her undivided one-sixth interest in the property. Huggins was not satisfied with the trustees, their management style, or with Hamilton in particular, especially in regard to the operation of the Mesco Building.[1] Hamilton continued to represent the other interests. Huggins' attempt at termination was the culmination of considerable correspondence between she and the trustees.

After attempts at settling the dispute failed, the trustees and Roland and Sterling Ramberg (hereinafter trustees) commenced a partition action seeking to have the Mesco Building sold and the proceeds divided. Additionally, they sought per-

---

[1]Previously Huggins had been involved in a controversy with these trustees in another setting. That controversy concluded when the trustees resigned from the Rose Society Trust, which was created by Ingwald for the benefit of Rosalind Huggins. As a result, Huggins possessed a distrust for these trustees.

mission to bid on the property. Huggins raised affirmative defenses and lodged a counterclaim against the trustees, contending that the partition action was an attempt to "squeeze her out" of the family owned building, that there were conflicts of interest between the trustees and the beneficiaries, and that the right to partition was subordinate to the fiduciary duties of the trustees to her as a beneficiary of the trust.

The trustees brought a motion for partial summary judgment on the issue of their right to proceed with a partition sale. Specifically, the motion asked for the following relief: a finding (1) that the parties are joint owners of the real property; (2) that the real property is not susceptible to physical partition without great pecuniary loss to the parties; (3) that pursuant to RCW 7.52.080[2] the plaintiffs are entitled to have the property sold and the net proceeds divided among the owners; and (4) that the parties are entitled to be purchasers at the sale.

In response, counsel for Huggins asked for a continuance, citing the need for additional discovery. The trial court declined to continue the hearing and entered an order granting partial summary judgment and ordering a sheriff's sale of the property. The court entered written findings of fact and conclusions of law as presented by the trustees. Specifically, the trial court found as a matter of law that the trustees were entitled to seek partition and could be bidders at the sale. The trial court further concluded the cost of the action and sheriff's sale including the plaintiffs' attorney fees should be charged against Hug-

---

[2]RCW 7.52.080 provides as follows:

"**Order of sale or partition.** If it be alleged in the complaint and established by evidence, or if it appear by the evidence without such allegation in the complaint, to the satisfaction of the court, that the property or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, it shall decree a partition according to the respective rights of the parties as ascertained by the court, and appoint three referees, therefor, and shall designate the portion to remain undivided for the owners whose interests remain unknown or are not ascertained."

gins' interest pursuant to RCW 7.52.480, the statute allowing apportionment of costs.[3]

Huggins moved for reconsideration, arguing among other things that the findings and conclusions were improper and mere surplusage. The trial court wrote to the parties denying the motion for reconsideration, but indicated there could be a problem with the form of the order as entered. Subsequently, in March 1991, Huggins took a voluntary nonsuit on her counterclaims, in part, because she was pursuing her claims against the trustees in a separate action.

In late August 1991, a public sale was held for the Mesco Building. The trustees were the successful purchasers for a bid of $750,000. They bid in their interests ($625,000) and additionally paid in $125,000 in cash for Huggins' interest. The trustees moved for confirmation of the sale and in addition requested an award of attorney fees and costs of $39,939.92 against Huggins. Huggins objected and argued that the partition statute did not allow the costs to be assessed against her and that the trustees did not make an adequate showing that the fees were either reasonable or necessary.

By order dated October 14, 1991, the trial court confirmed the sheriff's sale, directed the sheriff to issue a deed conveying the property to the new co-owners, ordered disbursement of $85,060.08 to Huggins, set a date for a hearing on attorney fees, and directed that the balance of the cash proceeds of sale ($39,939.92) be held jointly by the attorneys of the parties pending further order of the court. An additional hearing was scheduled before a different trial judge on this matter.

Huggins opposed the request for an award of attorney fees and costs, arguing the partition statute does not permit the court to tax costs against only one party. Instead, Huggins argued that costs be apportioned among the parties according to each interest, and further that only the fees and costs incurred for the common benefit should be apportioned. She

---

[3]RCW 7.52.480 is set forth in its entirety in the discussion section of this opinion.

also argued that in a contested partition action, each party should be left to pay his, her, or its own litigation expenses.

In response, the trustees asserted for the first time that they were also entitled to recover attorney fees under the frivolous claims statute, RCW 4.84.185.[4] The trustees claimed the court could apportion those fees and costs deemed to have been incurred for the common benefit of the parties and then award the balance of the fees against Huggins as her defenses and counterclaims were frivolous. The trustees cited the original trial court's findings and conclusions to this effect and, additionally, pointed out the fact that Huggins had taken a voluntary nonsuit of her counterclaims.

The second trial court held that reasonable fees of $7,000 and costs of $2,190.70 had been incurred by the trustees and would be apportioned among the parties pursuant to RCW 7.52.480 ($1,531.78 as Huggins' share). The court also concluded the trustees should be awarded $20,722 in attorney fees and costs incurred in defense of Huggins' counterclaims which the court found frivolous and advanced without reasonable cause. Including her apportioned share of costs and attorney fees, Huggins was taxed $22,253.78 in attorney fees and costs in the partition action. Huggins appealed in January of 1992.[5]

---

[4]RCW 4.84.185 provides as follows:

"**Prevailing party to receive expenses for opposing frivolous action or defense.** In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

"The provisions of this section apply unless otherwise specifically provided by statute."

[5]The trustees contend the order confirming the sale, dated October 14, 1991, is the final judgment from which Huggins should have appealed. A commis-

## DISCUSSION

■ The trustees have moved to dismiss Huggins' appeal on the ground that Huggins accepted the benefits of the judgment of the trial court. They rely on RAP 2.5(b) which provides in pertinent part:

> **(b) Acceptance of Benefits.**
> (1) *Generally.* A party may accept the benefits of a trial court decision without losing the right to obtain review of that decision only (i) if the decision is one which is subject to modification by the court making the decision or (ii) if the party gives security as provided in subsection (b)(2) or (iii) if, regardless of the result of the review, the party will be entitled to at least the benefits of the trial court decision.

Huggins is not disputing the order of sale. She is only appealing the determination of the amount of attorney fees and costs. Therefore, regardless of the result of this appeal, Huggins is entitled to at least the monetary benefits representing her share of the property awarded in the decision of the trial court, and more if the determination of the amount of attorney fees is reduced or reversed. Huggins' appeal should not be dismissed. *See Buckley v. Snapper Power Equip. Co.*, 61 Wn. App. 932, 940, 813 P.2d 125, *review denied*, 118 Wn.2d 1002 (1991).

Huggins claims the trial court improperly entered findings of fact and conclusions of law on the motion for a partial summary judgment. The trustees and the second trial court relied heavily upon these findings and conclusions. Findings of fact are superfluous in summary judgment proceedings and carry no weight on appeal. *Chelan Cy. Deputy Sheriffs' Ass'n v. County of Chelan*, 109 Wn.2d 282, 294 n.6, 745 P.2d 1 (1987). In *Duckworth v. Bonney Lk.*, 91 Wn.2d 19, 21-22, 586 P.2d 860 (1978), the court stated:

---

sioner of this court disagreed, citing *Fox v. Sunmaster Prods., Inc.*, 115 Wn.2d 498, 798 P.2d 808 (1990), for the proposition that Washington law does not favor piecemeal appeals, and that a judgment that does not resolve all claims is generally not subject to appeal unless the certification and findings required by CR 54(b) are set forth in the judgment. This holding was not appealed and is not before this court.

The function of a summary judgment proceeding is to *determine whether a genuine issue of material fact exists*. It is *not*, as appears to have happened here, *to resolve issues of fact or to arrive at conclusions based thereon. State ex rel. Zempel v. Twitchell*, 59 Wn.2d 419, 424-25, 367 P.2d 985 (1962). Consequently, the findings of fact and conclusions of law entered here are superfluous and may not be considered to the prejudice of the City. *Washington Optometric Ass'n v. County of Pierce*, 73 Wn.2d 445, 438 P.2d 861 (1968)[.]

The trustees assert that findings entered in a partial summary judgment action are not superfluous under CR 56(d) which concerns cases not fully adjudicated on the motion. CR 56(d) provides:

**Case Not Fully Adjudicated on Motion.** If on motion under the rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action, the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

■■ Here, the findings and conclusions entered by the trial court did not set forth what material facts existed without controversy and those which remained in controversy. Additionally, the findings and conclusions went beyond the pleadings and the prayer for relief of the moving party.

The findings and conclusions entered on the partial summary judgment were superfluous and it was error for the second trial judge to rely on them. *Chelan Cy. Deputy Sheriffs' Ass'n v. County of Chelan*, 109 Wn.2d at 294 n.6. Further, it was error to award attorney fees based on the frivolous claims statute, RCW 4.84.185, because no formal motion for an award of fees was made as required by the statute. Further, this basis for an award of fees was not raised by the

trustees until they filed a reply brief. They initially sought fees under only the partition statute.[6]

■ The trustees' initial request and motion was based on their interpretation of RCW 7.52.480 and the common benefit rule; this issue forms the basis for this appeal. The apportionment of costs statute for partition actions, RCW 7.52-.480, provides:

> **Apportionment of costs.** The cost of partition, including fees of referees and other disbursements including reasonable attorney fees to be fixed by the court and in case the land is ordered sold, costs of an abstract of title, shall be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the decree. In that case there shall be a lien on the several shares, and the decree may be enforced by execution against the parties separately. When, however, a litigation arises between some of the parties only, the court may require the expense of such litigation to be paid by the parties thereto, or any of them.

The common benefit rule is followed in most partition cases.

> [I]t has been widely held or recognized, in practically all of the cases in fact, that counsel fees should be allowed as part of the costs, or that such an allowance may be made, in partition suits where all of the parties have actually benefited therefrom, at least where, and to the extent that, the proceedings have been amicable or friendly[.]

Annot., *Allowance and Apportionment of Counsel Fees in Suit for Partition*, 73 A.L.R. 16, 21 (1931). There is a common law exception to this rule when the partition proceedings are adversarial, in which case there will be no allowance of attorney fees at all.

> A real contest which is of a substantial nature and is interposed in good faith generally has the effect of precluding the allowance of attorneys' fees, at least as against adverse parties,

---

[6]In any event, prior to the 1991 amendment of RCW 4.84.185, attorney fees could not be awarded under the statute without consideration of the action as a whole and could not be awarded if an action is dismissed prior to presentation of the entire case. *See Whetstone v. Olson*, 46 Wn. App. 308, 313-14, 732 P.2d 159 (1986).

so as to charge them with part of the fees, the proceedings in such cases being usually regarded as not conducted so entirely for the common benefit as to justify any taxation of fees.

73 A.L.R. at 22.

On the face of it, this dispute was anything but amicable or friendly. Thus the common benefit rule is inapplicable. We are left with the statute, RCW 7.52.480, which both parties concede has not been judicially construed. Further, this statute has no significant recorded legislative history. Therefore, we must determine if the Legislature intended to codify the common benefit rule with its exception or whether it meant to go beyond having each party bear its own costs in the circumstance of an unfriendly action. The latter would permit attorney fees and costs to be taxed in favor of a "prevailing party" at the discretion of the trial court.

■■ The general rule with regard to attorney fees is that in absence of contract, statute, or recognized ground of equity, the court has no authority to award attorney fees. *See Bowles v. Department of Retirement Sys.*, 121 Wn.2d 52, 70, 847 P.2d 440 (1993); *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 113-14, 111 P.2d 612 (1941). In the event the court lacks authority to award the fees, each party bears its own costs and attorney fees. This court is reluctant to put a judicial gloss on RCW 7.52.480 in an attempt at reflecting modern incursions into the rule. Rather, this court looks to the statute as a whole to determine, if possible, its meaning. *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 293, 840 P.2d 860 (1992); *Avlonitis v. Seattle Dist. Court*, 97 Wn.2d 131, 138, 641 P.2d 169, 646 P.2d 128 (1982).

The answer lies in the first two sections of the partition statute:

**7.52.010 Persons entitled to bring action.** When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, an action may be maintained by one or more of such persons, for a partition thereof, according to the respective rights of the persons interested therein, and for sale of such property, or a part of it, if it appear that a partition cannot be made without great prejudice to the owners.

**7.52.020 Requisites of complaint.** The interest of all persons in the property shall be set forth in the complaint specifically and particularly as far as known to the plaintiff, and if one or more of the parties, or the share or quantity of interest of any of the parties be unknown to the plaintiff, or be uncertain or contingent, or the ownership of the inheritance depend upon an executory devise, or the remainder be a contingent remainder, so that such parties cannot be named, that fact shall be set forth in the complaint.

■ As is apparent, the statute contemplates circumstances in which there may be parties to a partition proceeding who are unknown, the extent of whose interest may be unknown or contingent, or otherwise not formally "joinable" in the action. It is evident that in this circumstance it would be inappropriate, if not impossible, to apportion costs and fees. In short, the statute uses the term "parties" in a sense different than it is commonly understood. The statute uses the term as a substitute for "persons of interest." It must be noted, however, that it is possible the drafters had in mind the difference between necessary parties and indispensable parties as that concept existed in 1923. Under this statute all persons of interest, known and unknown, are considered parties. However, if they are unknown, or their interest is unknown or unknowable, they are not indispensable.

■ In sum, this is not a "prevailing party" statute. We hold that RCW 7.52.480 does no more than codify the common benefit rule. Applying that conclusion to the facts of this case requires we reverse that portion of the trial court's decision taxing Huggins with fees incurred by the trustees that were not for the common benefit.

WEBSTER, C.J., and BAKER, J., concur.