IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ELI LAMBSON, as a first-party claimant,<br><br>Appellant,<br><br>v.<br><br>TREVOR YARNELL, an individual, LIBERTY MUTUAL INSURANCE COMPANY, Defendant, its agents, actors, directors, officers, and employees, and LIBERTY MUTUAL GENERAL INSURANCE COMPANY [First-Party],<br><br>Respondents. | No. 82375-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Eli Lambson appeals the trial court's order granting summary judgment and awarding attorney fees to Liberty Mutual. Because he fails to provide us an adequate record to review, we dismiss his appeal.

FACTS

In October 2020, Eli Lambson filed a complaint for damages alleging that Trevor Yarnell was negligent for rear-ending him in a motor vehicle collision. His complaint also asserted that Liberty Mutual Insurance Company and Liberty Mutual General Insurance Company (collectively Liberty Mutual) committed bad faith and negligence, breached the Insurance Fair Conduct Act, RCW 48.30.015, and violated the Consumer Protection Act, chapter 19.86 RCW.

Citations and pin cites are based on the Westlaw online version of the cited material.

Liberty Mutual moved for summary judgment arguing that (1) it was not a "relevant" defendant in "this dispute," (2) Lambson "previously litigated this matter and therefore the *res judicata* doctrine bars subsequent litigation of the same claims," (3) Lambson "has no standing to assert claims against Mr. Yarnell's insurer," and (4) dismissal was appropriate as to Yarnell because Lambson "previously settled all claims against Mr. Yarnell." It asked the trial court to impose sanctions against Lambson's counsel under CR 11. To support its motion, Liberty Mutual filed the declaration of Jasmine Barlow along with 10 exhibits and the declaration of Christopher Pierce-Wright that contained 8 exhibits. Lambson filed a response to the motion.

The trial court granted summary judgment, dismissed the complaint, and awarded attorney fees to Liberty Mutual. Lambson appeals.

DISCUSSION

Lambson has provided a very limited record on appeal.[1] An appellant has the burden of providing a record sufficient to review the issues raised on appeal. RAP 9.2(b); In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990). On summary judgment, "an appellate court may only examine the record which was before the trial court, no more, no less." Gaupholm v. Aurora Office Bldgs., Inc., 2 Wn. App. 256, 257, 467 P.2d 628 (1970); RAP 9.12 ("On review of an order granting or denying a motion for summary judgment the appellate court will

---

[1] The appellate record contains: (1) Lambson's complaint; (2) Liberty Mutual's summary judgment motion; (2) Lambson's response to the motion; (3) the order granting summary judgment; and (4) an order denying Lambson's motions for default judgment.

consider only evidence and issues called to the attention of the trial court."). An insufficient record on appeal precludes review. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). When a reviewing court is unable to pass upon the merits of the plaintiff's case, the appeal must be dismissed and the ruling of the lower court will stand. See Reed v. Pennwalt Corp., 93 Wn.2d 5, 7, 604 P.2d 164 (1979).

Liberty Mutual argues that because Lambson fails to assign error to any findings of fact, the trial court's findings are verities on appeal and we should affirm summary judgment based on those findings. We decline to do so. "Findings of fact are superfluous in summary judgment proceedings and carry no weight on appeal." Hamilton v. Huggins, 70 Wn. App. 842, 848, 855 P.2d 1216 (1993) (citing Chelan County Deputy Sheriffs' Ass'n v. County of Chelan, 109 Wn.2d 282, 294 n. 6, 745 P.2d 1 (1987)). This is so because the function of summary judgment proceedings "is to determine whether or not a genuine issue of fact exists, not to determine issues of fact." State ex rel. Zempel v. Twitchell, 59 Wn.2d 419, 425, 367 P.2d 985 (1962).

Even if we look beyond these tenets, we cannot reach the merits of this appeal. Although Lambson does not challenge any particular finding of fact, his entire argument disputes the trial court's finding that he was not a first-party claimant under a Liberty Mutual insurance policy. Lambson maintains that he is such a claimant. Yet he fails to cite to any insurance policy in the record as required by RAP 10.3(a)(5) ("Reference to the record must be included for each factual statement"). We may decline to consider issues unsupported by

references to the record.  See State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989).  Because there are no insurance policies contained in the record on appeal, we cannot affirm summary judgment simply based on the trial court's unchallenged findings of fact.[2]

Moreover, Lambson failed to designate other essential portions of the summary judgment proceedings to enable our review of the alleged errors.  This record does not contain Liberty Mutual's summary judgment reply brief, the declarations of Barlow and Pierce-Wright, none of the 18 exhibits, or the report of proceedings for the hearing.[3]  Without these documents, we cannot review the decision dismissing Lambson's claim and awarding Liberty Mutual attorney fees.

Liberty Mutual requests attorney fees pursuant to RAP 18.9(a), which authorizes sanctions for frivolous appeals.  Because we do not reach the merits of Lambson's appeal and make no frivolity determination, the request is denied.

The appeal is dismissed.

Coburn, J.

WE CONCUR:

Dwyer, J.          Appelwick, J.

---

[2] Though Liberty Mutual invites us to rule on the merits of this appeal, it did not supplement the designation of clerk's papers with any insurance policies the trial court considered as allowed by RAP 9.6(a).

[3] Lambson appends several documents to his briefing, but we do not consider them because they are not part of the appellate record, and he did not request permission to do so and is in violation of RAP 10.3(a)(8).  We also note that a commissioner of this court warned Lambson that his unauthorized attachments may not be considered by this court.