[No. 24533. Department One. November 23, 1933.]

THE STATE OF WASHINGTON, *Appellant*, v. A. H. LYON, *Respondent*.[1]

*Chas. W. Greenough* and *Carl P. Lang*, for appellant.

*Orville W. Duell* and *Gleeson & Gleeson*, for respondent.

STEINERT, J.—Defendant was charged in each of three counts of an information with the crime of "failure to report sales of liquid fuel," and in a fourth count with the crime of "failure to pay excise tax on sales of liquid fuel." A demurrer to each count of the information was sustained. The state having elected to stand on the information, judgment of dismissal was entered, from which the state has appealed.

The information alleged that respondent was the manager and principal officer of Consumers Mutual Oil Company, a domestic corporation and a distributor of liquid fuel, and that, as such officer, he had wilfully and unlawfully failed to prepare and render to the

[1]Reported in 27 P. (2d) 131.

director of licenses of the state a sworn statement of the number of gallons of liquid fuel sold by the company during certain months; further, that, as such officer, he had wilfully and unlawfully failed to pay to the state treasurer the excise tax due the state on liquid fuel sold by the company on and prior to a certain date.

Rem. Rev. Stat., § 8330, provides that every distributor of liquid fuel shall render to the director of licenses, on or before the fifteenth day of each month, on forms prescribed, prepared and furnished by the director, a statement of the number of gallons of liquid fuel sold by it, him or them, during the preceding calendar month, "which statement shall be sworn to by one of the principal officers in case of a domestic corporation." Rem. Rev. Stat., § 8338, provides that any distributor, association of persons, firm or corporation who shall violate any of the provisions of the act containing the above sections shall be guilty of a gross misdemeanor.

It is not alleged in the information that the respondent was himself a distributor, but merely that he was an officer of a distributor.

Obviously, the statute imposes certain duties upon distributors of liquid fuel, not upon their officers or employees. With reference to the required monthly statement, the gist of the offense is not the failure of an officer of a corporation to swear to such statement, but the failure of the distributor to render a statement properly sworn to. With reference to the payment of the tax, the offense is not the failure of the officer to pay it, but the failure of the distributor to pay it. The duties and obligations created by the statute are upon the distributor, and the offense arising from the failure to comply with the statute is, likewise, the offense of the distributor.

The procedure for criminal actions against corporations is outlined in Rem. Rev. Stat., §§ 2011-1 to 2011-4, inclusive. If, in this instance, any offense was committed, it was committed by the corporation distributor, not by the respondent, its officer.

The judgment of dismissal is affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.