[No. 12275-4-I.  Division One.  January 7, 1985.]

THE COUNTY OF KING, *Respondent,* v. DIANA GRAF, ET AL, *Petitioners.*

434

*Victor Hoff,* for petitioners.

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan, Deputy,* for respondent.

RINGOLD, J.—The three petitioners, Diana Graf, Alexa Marie Work, and Shawn R. Riley, appeal their misdemeanor convictions for topless dancing in violation of King County Code (KCC) 6.08.050. We agree with their contention that the ordinance applies only to business licensees, not to employees, and reverse and dismiss the charges.

The facts of the case are undisputed. The Booby Trap is an establishment in Federal Way which is not licensed to serve alcohol. As a result of an undercover vice squad operation at the Booby Trap, the defendants were charged with topless dancing in violation of KCC 6.08.050. They were convicted in district court and appealed to the superior court, challenging the constitutionality of the ordinance and its applicability. The convictions were affirmed; discre-

tionary review was granted by this court.

APPLICABILITY OF KCC 6.08.027

KCC 6.08.050 provides in part:

A. No public amusement/entertainment license shall be issued to, maintained or renewed by any person proposing to operate or maintain or in fact operating or maintaining a public place within King County . . . where an employee will not conform and abide by the following requirements for his or her conduct thereon:

. . .

6. No employee . . . whose breasts and/or buttocks are exposed to view shall perform elsewhere in a public place than upon a stage at least eighteen inches above the immediate floor level and removed at least six feet from the nearest patron.

KCC 6.01.160 provides:

Any person violating or failing to comply with any of the provisions of any business license ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine in any sum not to exceed two hundred fifty dollars or by imprisonment in the King County jail for a period not to exceed ninety days.

The first issue raised by the defendants is whether KCC 6.01.160 applies to employees of public places of amusement. They argue that the sanctions in the ordinance operate only against the licensee of the business, not against the employee/dancer. They contend that nothing in the language of KCC 6.08.050 or 6.01.160 can be construed as imposing criminal liability on employees who do not conform to the required conduct. The County responds that the language in the ordinance is unambiguous and does not require construction: both employees and licensees may be charged under the ordinance.

The issue of construction presented here is what activities "violate" the ordinance. KCC 6.08.050 provides that licenses will not be issued to, maintained, or renewed, for any person who operates a public place where employees "will not conform and abide" by the regulations, including

the prohibition against topless table dancing. KCC 6.01.160 makes failure to comply with the licensing ordinances a misdemeanor. There are at least two possible interpretations of these provisions: as penalizing only the person who maintains an establishment where employees table dance; or as also penalizing the performer.

There is a criminal penalty for noncompliance with the ordinances. Penal statutes must be strictly construed so that activities not intended to be included within their ambit are not so included. *State v. Clark,* 96 Wn.2d 686, 638 P.2d 572 (1982). Ambiguities in criminal statutes are resolved in favor of the defendant. *State v. Stockton,* 97 Wn.2d 528, 647 P.2d 21 (1982). Strict construction of a statute means that, given a choice between a narrow, restrictive construction and a broader, more liberal construction, the first option must be chosen. *Pacific Northwest Annual Conference of United Methodist Church v. Walla Walla Cy.,* 82 Wn.2d 138, 508 P.2d 1361 (1973).

Legislative history and the intent and purpose of the act as a whole may be considered in construing ambiguous statutes. *Condit v. Lewis Refrigeration Co.,* 101 Wn.2d 106, 676 P.2d 466 (1984). There is no available legislative history on these ordinances. The legislative title may therefore be referred to in determining intent. *Godfrey v. State,* 84 Wn.2d 959, 966, 530 P.2d 630 (1975); *Washington Optometric Ass'n v. County of Pierce,* 73 Wn.2d 445, 438 P.2d 861 (1968).

The title of the relevant KCC chapter is "Business Licenses and Regulations." As noted in the respondent's brief, the County chose a "licensing" model under which "regulatory purposes are implemented through enforcement of licensing ordinances." The ordinance is directed at those "operating or maintaining a public place." The County apparently made the decision that regulating the conduct of the licensee would adequately regulate that of the employees. If the County Council wanted to make the dancer subject to a criminal penalty it could have said so in clear language. The ordinance is aimed at controlling the

conduct of licensees. Major sanctions in KCC 6.08.027(A) include revoking or denying a license, as well as criminal penalties. Absent more specific language, the ordinance may not be construed as imposing criminal liability on the dancers. The defendants were not properly charged under KCC 6.01.160.

Our disposition of this issue makes it unnecessary to consider the defendants' equal protection challenge to the ordinance. We reverse the judgments and dismiss.

COLEMAN, J., concurs.

WILLIAMS, J. (concurring)—It is apparent that the purpose of the ordinance is to regulate public amusement establishments through the County's licensing power. The petitioners have nothing to do with operating or maintaining such places and cannot be subject to imposition of criminal sanctions therefor. *See State v. Lyon,* 175 Wash. 199, 27 P.2d 131 (1933).