[No. 27458-2-II.   Division Two.   September 9, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. KLY BUN MEAS, *Appellant*.

298

*John L. Farra*, for appellant.

*H. Steward Menefee, Prosecuting Attorney*, for respondent.

SEINFELD, J. — Kly Bun Meas was charged with and convicted of both aggravated first degree murder and felony murder. The trial court found that the two convictions merged, and it sentenced him on the aggravated murder conviction only. In an earlier appeal, this court rejected Meas' claim that charging him with both crimes deprived him of due process. In the instant appeal of the denial of his CrR 8.3(b) motion, we hold that (1) charging Meas with two separate crimes, not as alternatives, did not violate double jeopardy protections; (2) Meas did not receive multiple punishments in violation of double jeopardy protections; and (3) it was not arbitrary and capricious for the trial court to sentence him on the aggravated first degree murder conviction rather than on the felony murder conviction. Thus, we affirm.

## FACTS

The State charged Meas in count I with aggravated first degree murder for the death of Uan Teng, predicated on two aggravating factors: (a) commission of the murder in the course of, in furtherance of, or in immediate flight from first or second degree robbery; and (b) commission of the murder to conceal his identity. The State charged Meas in count II with first degree felony murder, again alleging that Meas shot Teng during the commission of or flight from first or second degree robbery. The jury convicted Meas of both counts. The trial court sentenced Meas on the aggravated first degree murder conviction to life imprisonment without the possibility of parole but did not sentence him on the felony murder conviction, finding that it merged with the aggravated first degree murder conviction.[1]

Meas appealed, claiming that charging him with both crimes deprived him of due process and that there was

---

[1] The judgment and sentence provides:

*Count II—Defendant's conviction on Count II is deemed to have merged with the defendant's conviction in Count I and the Special Verdict entered by the jury. Defendant shall be sentenced only upon the conviction on Count I.*

Clerk's Papers (CP) at 4.

insufficient evidence to support his convictions. *See State v. Meas*, noted at 74 Wn. App. 1006 (1994). This court affirmed in an unpublished decision. *See Meas*, slip op. at 10.

In 2000, Meas moved under CrR 8.3(b)[2] for dismissal of the aggravated first degree murder conviction, alleging a double jeopardy violation and arbitrary court conduct in choosing to sentence him on the aggravated murder conviction instead of on the felony murder conviction. The motion court denied Meas' motion, finding that aggravated first degree murder and first degree felony murder are separate offenses with different elements. Further, because the trial court had merged the two convictions at sentencing, the motion court determined that there was no prejudice to Meas' right to a fair trial.[3]

Meas appeals.

## DISCUSSION

### I. DISMISSAL UNDER CrR 8.3(b)

██ ██ Under CrR 8.3(b), a trial court may dismiss charges if the defendant shows: (1) arbitrary action or governmental misconduct and (2) prejudice affecting the defendant's right to a fair trial. *State v. Michielli*, 132 Wn.2d 229, 239-40, 937 P.2d 587 (1997). Governmental misconduct " 'need not be of an evil or dishonest nature; simple mismanagement is sufficient.' " *Michielli*, 132 Wn.2d at 239 (emphasis omitted) (quoting *State v. Blackwell*, 120 Wn.2d 822, 831, 845 P.2d 1017 (1993)). CrR 8.3(b) protects against arbitrary action or governmental miscon-

---

[2] CrR 8.3(b), which allows for dismissals on the motion of a court, states:

The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

The parties did not provide this court with Meas' CrR 8.3(b) motion.

[3] The State does not challenge the timeliness or appealability of the trial court's ruling. Thus, we do not address those issues.

duct but does not grant courts the authority to substitute their judgment for the prosecutor's. *Michielli*, 132 Wn.2d at 240 (citing *State v. Cantrell*, 111 Wn.2d 385, 390, 758 P.2d 1 (1988)).

■ This court reviews a trial court's decision on a CrR 8.3(b) motion for an abuse of discretion. *Michielli*, 132 Wn.2d at 240. An abuse of discretion occurs when the trial court's decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *Michielli*, 132 Wn.2d at 240.

## II. CHARGING AND INSTRUCTING ON TWO CRIMES—THE HOLDING IN *LORD*

Meas contends that the State, by charging him with both aggravated first degree murder and first degree felony murder, and the court, by instructing on both offenses, denied him a fair trial and violated double jeopardy principles. Citing *In re Personal Restraint of Lord*, 123 Wn.2d 296, 868 P.2d 835 (1994), Meas argues that the multiple offenses should have been treated as alternative methods of committing the same offense.

■ As to Meas' denial of a fair trial argument, we resolved that issue on Meas' first appeal. *See Meas*, slip op. at 7-8. And he presents no argument as to why we should revisit that decision. Nor do we find his reliance on *Lord* to be persuasive. *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999) (ends of justice must be served by reexamining the issue).

■ ■ Aggravated first degree murder and first degree felony murder are two different offenses, with different statutory elements; they are not different means of committing the same offense or greater or lesser offenses. *State v. Brett*, 126 Wn.2d 136, 181, 892 P.2d 29 (1995); *Lord*, 123 Wn.2d at 304. Aggravated first degree murder requires proof of premeditated intent to kill; first degree felony murder requires proof of the mental state required for the

underlying felony.[4] RCW 10.95.020; RCW 9A.32.030(1)(a), (c); *State v. Bowerman*, 115 Wn.2d 794, 807, 802 P.2d 116 (1990).

The *Lord* court concluded that an information was not defective when it charged the defendant with both aggravated first degree murder and first degree felony murder in one count. 123 Wn.2d at 304. Because the charges are two separate offenses, the State had to charge both in order for the court to instruct on both. *Lord*, 123 Wn.2d at 304. The *Lord* court concluded that dividing the offenses into separate counts would not have provided the defendant with better notice that the State was charging him with both crimes; it did not, however, hold that the State *must* charge the two offenses as alternatives. *See* 123 Wn.2d at 303-04.[5]

As Meas presents no other argument to support his contention that a defect in charging and instructing the jury on both offenses violated his double jeopardy rights, this claim of error fails.[6]

---

[4] A person commits aggravated first degree murder if he or she commits first degree murder as defined by RCW 9A.32.030(1)(a) and one or more statutory aggravating circumstances exists. RCW 10.95.020; *State v. Roberts*, 142 Wn.2d 471, 501, 14 P.3d 713 (2000). Under RCW 9A.32.030(1)(a), a person commits first degree murder when, "[w]ith a premeditated intent to cause the death of another person, he or she causes the death of such person or of a third person."

A person commits first degree felony murder when "[h]e or she commits or attempts to commit the crime of either (1) robbery in the first or second degree . . . and in the course of or in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants." RCW 9A.32.030(1)(c).

[5] Further, the United States Supreme Court has specifically stated that "the Double Jeopardy Clause imposes no prohibition to simultaneous prosecutions . . . even where the Clause bars cumulative punishment for a group of offenses." *Ball v. United States*, 470 U.S. 856, 860 n.7, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985).

[6] Meas also claims that the jury instructions and verdict form were erroneous. But the appellate record does not include the instructions or the verdict form. "The clerk's papers shall include, at a minimum . . . any jury instruction given or refused which presents an issue on appeal." RAP 9.6(b)(1)(F); *see also* RAP 9.2(b). As appellate courts cannot consider matters referred to in the brief but not included in the record, we decline to review Meas' arguments relating to the instructions and verdict form. *State v. Stockton*, 97 Wn.2d 528, 530, 647 P.2d 21 (1982).

III. Sentencing and Double Jeopardy

Meas also claims that he received multiple punishments for the same offense in violation of double jeopardy principles notwithstanding the fact that the trial court sentenced him only on the aggravated first degree murder conviction. The State responds that by merging the convictions, the trial court avoided the imposition of multiple punishments for the same crime.

■ ■ The double jeopardy clauses of the fifth amendment to the United States Constitution and the Washington Constitution, article I, section 9, protect defendants against multiple punishments for the same offense. *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995).[7] Double jeopardy may be implicated when multiple convictions arise out of the same act, even if the court has imposed concurrent sentences.[8] *Calle*, 125 Wn.2d at 775; *see also State v. Gohl*, 109 Wn. App. 817, 822, 37 P.3d 293 (2001), *review denied*, 146 Wn.2d 1012 (2002) (conviction, not merely imposition of a sentence, may constitute punishment).

The question then is whether Meas received multiple punishments for double jeopardy purposes where the jury convicted him of violating two separate statutory provisions but the trial court ruled that the felony murder conviction "is deemed to have merged" with the intentional murder conviction. Clerk's Papers (CP) at 4. Meas claims that he received multiple punishments, but he fails to provide any explanation to support this claim.

Although the trial court noted in the judgment and sentence that the jury found Meas guilty of both offenses, it stated in the sentencing portion of the judgment and

---

[7] The double jeopardy clause of the United States Constitution applies to the states through the Fourteenth Amendment. *State v. Gocken*, 127 Wn.2d 95, 100; 896 P.2d 1267 (1995).

[8] But this is not a case where the defendant was convicted of violating a single statute multiple times. In that situation, we would need to determine " 'what "unit of prosecution" has the Legislature intended as the punishable act.' " *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 172, 12 P.3d 603 (2000) (quoting *State v. Tili*, 139 Wn.2d 107, 113, 985 P.2d 365 (1999)).

sentence that "Defendant shall be sentenced only upon the conviction on Count I." CP at 4. This is similar to the situation in *State v. Johnson*, 113 Wn. App. 482, 487, 54 P.3d 155 (2002), *review denied*, 149 Wn.2d 1010 (2003), where the reviewing court concluded there was no double jeopardy violation.

In *Johnson*, the jury convicted the defendant of second degree intentional murder and second degree felony murder. 113 Wn. App. at 487. The trial court found that the two counts constituted one conviction and it imposed one sentence. *Johnson*, 113 Wn. App. at 488. In upholding the conviction and sentence, the *Johnson* court discussed the different uses of the word "merger." 113 Wn. App. at 488-89.

First, in the Sentencing Reform Act of 1981, chapter 9.94A RCW, merger "is limited to 'situations where multiple convictions are counted as one crime for purposes of calculating the offender score.' " *Johnson*, 113 Wn. App. at 488. Secondly, the doctrine of merger "is a rule of statutory construction used to determine when the legislature intends that an act violating more than one statute is to be punished as a single crime." *Johnson*, 113 Wn. App. at 489. And third, *Johnson* and this case involve the court's substantive use of the word "merge," "not to invoke the merger doctrine but to create the effect of a merger." 113 Wn. App. at 489.

In the latter situation, one verdict actually "merges" into another charge. That is what occurred in *Johnson* and that is what occurred here. When this happens, the defendant is punished only once. *Johnson*, 113 Wn. App. at 489.

This is distinguishable from the situation where the court does not merge the convictions but instead imposes concurrent sentences. As the Supreme Court noted in *Ball v. United States*, "One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense." 470 U.S. 856, 864, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985). The *Ball* Court went on to explain the potential for "adverse collateral consequences" such as

societal stigma, impeachment, or increased sentence under a recidivist statute for a future offense. 470 U.S. at 865.

Here, where under the third use of the word "merge," the conviction for felony murder merged into the intentional murder conviction, it in essence no longer exists. Thus, the merged conviction is not punishment and, under these facts, we do not find a double jeopardy violation.

### IV. ARBITRARY AND CAPRICIOUS SENTENCING

Meas next claims that the trial court abused its discretion when it sentenced him for aggravated first degree murder instead of for first degree felony murder. He asserts that this violated his due process rights and RCW 9A-.04.100.[9]

■ RCW 10.95.030(1) requires trial courts to sentence persons convicted of aggravated first degree murder to life imprisonment without possibility of release or parole. *State v. Ortiz*, 104 Wn.2d 479, 485-86, 706 P.2d 1069 (1985). The only statutory exception occurs when the trier of fact finds no mitigating circumstances to merit leniency in a special sentencing proceeding, in which case the sentence is death. RCW 10.95.030(2). Unlike the Sentencing Reform Act of 1981, the aggravated first degree murder statute does not allow a trial judge flexibility to depart from the prescribed sentencing range. *Ortiz*, 104 Wn.2d at 485.

■ Meas argues that his sentence violates RCW 9A-.04.100(2). Under this statute, a jury shall convict a person of the lowest degree of a crime if there is a reasonable doubt as to which degree the person is guilty. RCW 9A.04.100(2). But, here, the State did not charge Meas with different degrees of the same crime and the court did not instruct the jury as to different degrees of a crime. Nor is first degree felony murder a lesser included offense of

---

[9] RCW 9A.04.100(2) provides:

When a crime has been proven against a person, and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest degree.

aggravated first degree murder and there is no reasonable doubt as to the degree of the crime. *Lord,* 123 Wn.2d at 304. Thus, this statute does not support Meas' argument.

Meas also claims, without citing to authority, that the trial court had an option to sentence him on either of his two convictions. But RCW 10.95.030 does not give trial courts an option in sentencing defendants convicted of aggravated first degree murder. As there was no evidence of arbitrary action here, Meas' claim of error fails.

Finding that the trial court properly denied Meas' CrR 8.3(b) motion to dismiss, we affirm.

HUNT, C.J., and HOUGHTON, J., concur.

Review denied at 151 Wn.2d 1020 (2004).