IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38742-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICKY LEE CREEKMORE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Nicky Creekmore was charged with failure to register as a sex offender. In executing a statement of defendant on submittal or stipulation of facts and stipulated facts, Mr. Creekmore waived numerous constitutional rights before being tried by the court sitting without a jury. After being convicted and sentenced, Mr. Creekmore appeals. We affirm the conviction and remand for entry of written findings of fact and conclusions of law.

BACKGROUND

The following facts are taken from the statement of defendant on submittal or

stipulation of facts and stipulated facts:

1.  During the time intervening between the 6th day of September, 2019 and the 28th day of September, 2019, Nicky Creekmore, the Defendant, was registered as a transient sex offender with the Benton County Sheriff's Office in Benton County, WA.

2.  The Defendant was required to register as a sex offender in the county in which he was residing due to his prior out of state felony sex offense conviction for Molestation of a Juvenile in St. Tammany Parish, Louisiana in 2002.

3.  The Defendant had changed his registration status and registered as transient in Benton County, WA on June 29, 2019.

4.  As a registered transient sex offender the Defendant is required to check in with the Benton County Sheriff's Office on a weekly basis, as long as he is out of custody, and provide a transient offender sheet notifying the Benton County Sheriff's Office of his whereabouts over the previous week.

5.  On August 1, 2019, the Defendant was transported to an inpatient substance abuse treatment facility in Chehalis, WA in Lewis County, WA by the Department of Corrections as part of the Defendant's community custody. The transport of the Defendant to Lewis County, WA for inpatient substance abuse treatment was cleared with the Benton County Sheriff's Office by the Defendant's community corrections officer with approval from the Department of Corrections to transport the Defendant back to Benton County, WA after his inpatient substance abuse treatment had been completed.

6.  On September 5, 2019, staff at the inpatient substance abuse treatment facility in Chehalis, WA discovered the Defendant had left that facility without permission and his whereabouts were then unknown.

7.  Between September 6, 2019, and September 28, 2019, the Defendant did not contact the Benton County Sheriff's Office to turn in his

2

        weekly transient registration sheets nor did he contact the Benton County Sheriff's Office to notify them he was registering as sex offender in another county.

8.      Between September 6, 2019, and September 28, 2019, the Defendant did not register as a sex offender in Lewis County, WA.

9.      The Defendant was arrested on September 28, 2019, in Centralia, WA in Lewis County, WA by Centralia Police Department Officers.

10.    When the Defendant was contacted by the Centralia Police Department Officers on September 28, 2019, he provided them with a false name and date of birth before eventually admitting his real name to them.

11.    The Defendant has been convicted of Felony Failure to Register as a Sex Offender in Kittitas County, WA in 2014 and in Benton County, WA in 2014 and 2016.

Clerk's Papers (CP) at 319-20.

## PROCEDURE

Mr. Creekmore was charged in the Benton County Superior Court with failure to register as a sex offender under RCW 9A.44.132(1)(b). In February 2022, Mr. Creekmore waived many constitutional rights, including his right to a jury trial, to hear and question the State's witnesses, to call witnesses on his own behalf, and to testify or not testify. Mr. Creekmore and the State then stipulated to the above-listed facts.

In the event Mr. Creekmore was convicted, both he and the State agreed his offender score was 11. With an offender score of 11, Mr. Creekmore's standard range of confinement was 43-57 months, and his term of community custody was 36 months. If

the trial court were to find Mr. Creekmore guilty, the State agreed it would recommend

an exceptional downward sentence of 16 months in prison and 36 months of community

custody.

Early in the bench trial, Mr. Creekmore's attorney informed the court that Mr.

Creekmore "[knew] what [was] going to happen," and that they had "looked over all of

the documents." Rep. of Proc. (RP) at 23. The trial court then announced:

> I'll accept the stipulation. I've reviewed the stipulated facts, and they are
> sufficient to constitute the essential elements of the offense of "felony to
> register." I would note that they are consistent as well with the First
> Amended Information that was filed on January 27th. And I don't know
> what the change was from the first. However, the time periods match up
> with the stipulated facts.
>
> Therefore I will find you guilty on stipulated facts. And that takes
> us to the sentencing phase.

RP at 28.

At sentencing, the trial court imposed an exceptional downward sentence of 16

months' confinement followed by 36 months' community custody. Mr. Creekmore was

granted credit for the 26 months he had served while awaiting trial.

## ANALYSIS

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Mr. Creekmore contends the trial court erred when it failed to enter written

findings of fact and conclusions of law as required by CrR 6.1(d). The State concedes the

4

error but argues it was harmless. Although we accept the State's concession, we must address Mr. Creekmore's claim that the error was not harmless.

CrR 6.1(d) requires the entry of written findings of fact and conclusions of law in a case tried without a jury. A written record is essential to allow an appellate court to simplify and expedite review. *State v. Head*, 136 Wn.2d 619, 622-23, 964 P.2d 1187 (1998). As such, "failure to enter written findings of fact and conclusions of law as required by CrR 6.1(d) *requires* remand for entry of written findings and conclusions." *Id.* at 624 (emphasis added).

When a trial court does not enter sufficient written findings of fact and conclusions of law—by either completely failing to enter them or by neglecting to address an essential element of a crime—many remedies are available to the appellate court. *Id.* at 622; *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003). Remand to the trial court for entry of written findings of fact and conclusions of law is required should the defendant be unable to show prejudice. *Head*, 136 Wn.2d at 624. Alternatively, if the defendant shows he was prejudiced, we can direct the trial court to vacate its judgment. *Id.*

If the written findings of fact and conclusions of law are nonexistent or insufficient, the reviewing court may apply the harmless error doctrine. *Banks*, 149 Wn.2d at 43. When conducting a harmless error analysis, we determine whether "'there is a reasonable probability that the outcome of the trial would have been different had the

error not occurred. . . . A reasonable probability exists when confidence in the outcome of the trial is undermined.'" *State v. Heffner*, 126 Wn. App. 803, 811, 110 P.3d 219 (2005) (alteration in original) (quoting *Banks*, 149 Wn.2d at 44).

Here, both parties stipulated to the entirety of the facts presented to the trial court. After stipulating to the facts, neither party argued what weight should be assigned to any specific fact. Without any dispute as to the facts nor argument about the weight to be given to any fact, the stipulated facts essentially constitute the trial court's findings of fact.

Similarly, the trial court's conclusions of law can be found in its oral pronouncement. After reviewing the stipulation, the trial court announced, "they [stipulated facts] are sufficient to constitute the essential elements of the offense of 'felony to register.' I would note that they are consistent as well with the First Amended Information that was filed on January 27th."[1] RP at 28.

Although succinct, the trial court's conclusions of law were not enigmatic. In adherence to the elements of the offense, the trial court essentially concluded that: in the

---

[1] There are two differences between the first amended information and the second amended information. The first amended information does not allege the act occurred in the State of Washington, nor does it reference Louisiana. The trial court's pronouncement that the stipulation of facts is sufficient to constitute the elements of the crime resolve any concern about the crime occurring in the State of Washington as the stipulation repeatedly refers to the acts occurring in the State of Washington.

State of Washington, Mr. Creekmore, having been convicted in 2002 of a sex offense, to wit molestation of a juvenile in the State of Louisiana, was required to register pursuant to RCW 9A.44.130; had registered as not having a fixed residence; did, during the time intervening between September 6, 2019, and September 28, 2019, knowingly fail to report in person to the county sheriff's office; and had been convicted of felony failure to register as a sex offender in this state on at least two prior occasions.

Mr. Creekmore argues that the trial court failed to explain how the stipulated facts met the elements of the failure to register as a sex offender. However, "[a] delayed entry of findings and conclusions does not warrant reversal 'unless the delay prejudiced the defendant or prevented effective appellate review.'" *State v. Vailencour*, 81 Wn. App. 372, 378, 914 P.2d 767 (1996) (quoting *State v. Portomene*, 79 Wn. App. 863, 864, 905 P.2d 1234 (1995)).

Mr. Creekmore has failed to show a reasonable probability that the outcome of the trial would have been different had findings of fact and conclusions of law been entered. He has also failed to articulate how he was denied effective appellate review due to the absence of written findings of fact and conclusions of law. The trial court's failure to enter written findings of fact and conclusions of law was harmless error. However, remand is required to cure this deficiency.

SUFFICIENCY OF THE INFORMATION

For the first time on appeal, Mr. Creekmore challenges the sufficiency of the second amended information. Specifically, he argues that the State failed to allege all of the essential elements of RCW 9A.44.130(4)(a)(vi).

A charging document must include all of the elements of the alleged crime so as to not violate the Sixth Amendment to the United States Constitution, and article I, section 22 of the Washington State Constitution. *State v. Hopper*, 118 Wn.2d 151, 155, 822 P.2d 775 (1992). Inclusion of all the elements of an alleged crime is a constitutional issue and may be raised for the first time on appeal. *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991). However, when challenges to a charging document are not raised until after a verdict, such challenges will be liberally construed in favor of a finding that the charging document was valid. *Id.* "Under this rule of liberal construction, even if there is an apparently missing element, it may be able to be fairly implied from language within the charging document." *Id.* at 104. Therefore, if the objection is not timely made below, a reviewing court has great leeway in interpreting the charging document. *Id.*

In *Kjorsvik*, the Supreme Court adopted the federal standard for liberal interpretation of a charging document in favor of its validity. *Id.* at 105. This standard often includes a two-prong test: "(1) do the necessary facts appear in any form, or by fair construction . . . in the charging document; and . . . (2) can the defendant show that he or

8

she was . . . actually prejudiced by the inartful language [in the charging document]?" *Id.*

at 105-06. The first prong looks to the face of the charging document, while the second

prong may look beyond the face of the document to determine if actual notice has been

given. *Id.* at 106.

Here, the charging document alleges a violation of RCW 9A.44.132(1)(b), not

RCW 9A.44.130(4)(a)(vi) as alleged by Mr. Creekmore. RCW 9A.44.132 provides, in

part:

> (1) A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130.
>
> . . . .
>
>> (b) If a person has a duty to register under RCW 9A.44.130(1)(a) and has been convicted of a felony failure to register as a sex offender in this state or pursuant to the laws of another state, or pursuant to federal law, on two or more prior occasions, the failure to register under this subsection is a class B felony.

RCW 9A.44.130(1)(a) reads:

> Any adult residing whether or not the person has a fixed residence . . . who has been found to have committed or has been convicted of any sex offense . . . shall register with the county sheriff for the county of the person's residence . . . or as otherwise specified in this section.

The language of the second amended information alleged Mr. Creekmore was

convicted of a sex offense that required him to register pursuant to RCW 9A.44.130. It

9

further alleged that Mr. Creekmore, having registered as not having a fixed residence, knowingly failed to report to the county sheriff's office between September 6, 2019, and September 28, 2019. The second amended information appropriately noted Mr. Creekmore's duty to register under RCW 9A.44.130(1)(a) and the manner in which he was required to register under RCW 9A.44.130(6)(a). The allegations contained in the second amended information mirror the statutory elements.

Mr. Creekmore alleges the second amended information failed to include the elements pertaining to an individual who lacks a fixed address and moves from one county to another. RCW 9A.44.130(4)(a)(vi) provides:

> Any person who lacks a fixed residence and leaves the county in which he or she is registered and enters and remains within a new county for twenty-four hours is required to register with the county sheriff not more than three business days after entering the county.

According to Mr. Creekmore, the second amended information failed to reference the fact that he left Benton County, entered and remained in a new county for more than 24 hours, and that he failed to notify the Benton County Sheriff's Office within three business days after entering the new county. However, the second amended information alleged his failure to complete his weekly check-ins with the Benton County Sheriff's Office during a set period of time pursuant to RCW 9A.44.130(6)(b).

In liberally construing the second amended information in favor of validity, we conclude the necessary facts appear in the charging document to support a conviction

under RCW 9A.44.132(1)(b). Specifically, the second amended information lacks any reference to the elements of RCW 9A.44.130(4)(a)(vi) and includes all of the necessary elements of RCW 9A.44.132(1)(b) and RCW 9A.44.130(6)(b).

We turn to *Kjorsvik*'s second factor—whether Mr. Creekmore can show he was actually prejudiced by the inartful language in the charging document. In deciding whether a defendant was prejudiced by the inartful language of a charging document, we may consider information beyond the face of the charging document. *Kjorsvik*, 117 Wn.2d at 106. In doing so here, Mr. Creekmore chose to stipulate to facts that mirrored the elements of RCW 9A.44.132(1)(b). In part, RCW 9A.44.132 references the duty to register under RCW 9A.44.130. As it relates to RCW 9A.44.130, Mr. Creekmore acknowledged that he had registered as a transient sex offender in Benton County, that as a transient offender he was required to check in with the Benton County Sheriff's Office on a weekly basis, and that he failed to do so between September 6, 2019, and September 28, 2019. Absent from the stipulation are any facts related to Mr. Creekmore's obligation to report that he was remaining within a new county for more than 24 hours. On the contrary, Mr. Creekmore stipulated that he was aware he needed to contact the Benton County Sheriff's Office if he was registering as a sex offender in another county, as would be required under RCW 9A.44.130(4)(a)(vi).

In liberally construing the charging document in favor of validity, Mr. Creekmore has failed to show he was actually prejudiced by the inartful language in the second

amended information. The State's failure to specifically reference RCW 9A.44.130(6)(b)

in the second amended information did not prejudice Mr. Creekmore.

SUFFICIENCY OF EVIDENCE

Mr. Creekmore next asserts the State failed to prove beyond a reasonable doubt

that, for purposes of RCW 9A.44.130(4)(a)(vi), he was transient and without a residence

between September 6, 2019, and September 28, 2019.

When considering a sufficiency of the evidence claim, we must determine whether

the evidence could reasonably support a finding of guilt beyond a reasonable doubt.

*State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). "'[T]he relevant question is

whether, after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.'" *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781,

61 L. Ed. 2d 560 (1979)).

Mr. Creekmore's sufficiency of the evidence argument is predicated on his

misunderstanding regarding RCW 9A.44.130(4)(a)(vi). As discussed above, the State

did not allege Mr. Creekmore violated RCW 9A.44.130(4)(a)(vi). Rather, the State

contended he violated RCW 9A.44.130(6)(b). In charging Mr. Creekmore under

RCW 9A.44.130(6)(b), the State was required to prove beyond a reasonable doubt that

Mr. Creekmore: (1) resided in the State of Washington, (2) had a duty to register under

RCW 9A.44.130 for a prior felony sex offense, (3) registered as having no fixed address

(i.e. transient), (4) had a duty to report to the county sheriff's office once a week as a

transient individual, (5) failed to report to the county sheriff's office once a week, and

(6) had more than one failure to register violation.

In the statement of defendant on submittal or stipulation of facts and stipulated

facts, Mr. Creekmore agreed that he had a prior felony sex offense in the State of

Louisiana; that he would have had to register under RCW 9A.44.130; that he registered in

Benton County as a transient; that he knew he needed to check in weekly with the Benton

County Sheriff's Office; that he was transported to a substance abuse facility in Lewis

County; that he had cleared this transport with the Benton County Sheriff's Office; that

he left the substance abuse facility in Lewis County on September 5, 2019, without

permission; that he failed to check in with the Benton County Sheriff's Office from

September 6, 2019, to September 28, 2019; that he had multiple failure to register

violations in the past, one in 2014 in Kittitas County, and two in Benton County in 2014

and 2016; and that these acts occurred in the State of Washington.

In viewing the evidence in a light most favorable to the State, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt.

STATEMENT OF ADDITIONAL GROUNDS (SAG)—FILED AUGUST 18, 2023

On August 18, 2023, Mr. Creekmore filed a statement of additional grounds

for review that identified 20 additional matters.  Because many of the SAGs are

13

interrelated, we consolidated them into six categories. Mr. Creekmore alleges that

RCW 9A.44.130(4)(a) does not apply to him, that RCW 9A.44.130 is unconstitutional,

that his trial counsel deprived him of his constitutional right to prepare a defense by

refusing to let him assert a reservation of his rights under Uniform Commercial Code

(U.C.C.) § 1-308, and that he did not understand the rights he was giving up at the bench

trial. We disagree with each contention.

RELATED TO NUMBERS 1-16

Mr. Creekmore argues that RCW 9A.44.130(4)(a)[2] is inapplicable to him because

the statute requires a sex offender to list a fixed residence address and, as a person

experiencing homelessness, he was incapable of complying with the statute. Specifically,

Mr. Creekmore claims that because the uncontroverted evidence showed that he was

living on the streets, the State was unable to prove he had a fixed residence that enabled

him to comply with the statute. The stipulated facts do not support Mr. Creekmore's

claim. RCW 9A.44.130(6)(a) applies to individuals who cease having a fixed residence.

Mr. Creekmore was charged under RCW 9A.44.130(6)(b), relating to those who lack a

fixed residence.

---

[2] Presumably, Mr. Creekmore intended to argue the inapplicability of
RCW 9A.44.130(6)(a) rather than (4)(a).

RELATED TO NUMBERS 1-16

Next, Mr. Creekmore reiterates the chief issue on appeal; that he does not understand which statute he was accused of violating. As noted above, the State charged Mr. Creekmore with a violation of RCW 9A.44.132, premised on a violation of RCW 9A.44.130(6)(b) not RCW 9A.44.130(4)(a) or (6)(a). The fact that Mr. Creekmore lacked a fixed residence does not excuse him from compliance with the statute. *See* RCW 9A.44.130(6)(b).

RELATED TO NUMBERS 1-16

Mr. Creekmore further argues that he proved by a preponderance of the evidence that he did not know the location of his new residence before moving, and that this constitutes an affirmative defense under RCW 9A.44.130(6)(c) or RCW 9A.44.128(9). RCW 9A.44.130(6)(c) provides an affirmative defense to the charge of failure to register when a person subject to registration does not have a fixed residence. For this defense to be available, Mr. Creekmore must have "provided written notice to the sheriff of the county where he . . . last registered within three business days of ceasing to have a fixed residence and has subsequently complied with the requirements of subsection (4)(a)(vi) or (vii)." RCW 9A.44.130(6)(c). The record is void of any evidence that Mr. Creekmore provided written notice to the Benton County Sheriff's Office or complied with RCW 9A.44.130(4)(a)(vi) or (vii). Mr. Creekmore was not entitled to the affirmative defense contained in RCW 9A.44.130(6)(c).

15

Mr. Creekmore cites RCW 9A.44.128(9) as an affirmative defense to the charge of failure to register as a sex offender. RCW 9A.44.128(9) contains the definition of "[k]idnapping offense" and is not an affirmative defense.

RELATED TO NUMBERS 17-18

Mr. Creekmore next argues that the term "'change' is not adequately defined in the statute," rendering it unconstitutionally vague. SAG (Aug. 18, 2023) at 4. Citing *State v. Batson*, 9 Wn. App. 2d 546, 447 P.3d 202 (2019) (*Batson* I), Mr. Creekmore also alleges that RCW 9A.44.130(4)(a) is unconstitutional because the legislature delegated its authority to define the term "sex offense" as an element of the crime of failure to register.

A statute is unconstitutionally vague if it does not define the criminal offense with sufficient definitiveness so that ordinary people can understand what conduct is proscribed, or does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). Here, Mr. Creekmore does not direct us to what statute contains the term "change." "Change" is not found in any of the statutes Mr. Creekmore cited in his SAG. Further, Mr. Creekmore stipulated that he understood his responsibilities under the statute. Since Mr. Creekmore knew what conduct was proscribed, the statute is not vague

Mr. Creekmore next asserts the legislature improperly delegated its legislative function to the State of Louisiana. In support of his argument, Mr. Creekmore cites

16

*Batson* I.  In 2020, the Supreme Court reversed Division One's holding in *Batson* I.  *State v. Batson*, 196 Wn.2d 670, 675, 478 P.3d 75 (*Baston* II).  In *Batson* II, the Supreme Court ruled that RCW 9A.44.132, the statute Mr. Creekmore is charged with violating, does not improperly delegate authority to out-of-state legislatures.  *Id.*  A person violates the provisions of RCW 9A.44.132 when they have a prior sex offense that triggers Washington's sex offense registration requirements and knowingly fails to register.  As such, when a person subject to registration requirements from another state relocates to Washington, courts may look to the other state's definitions in order to determine if a sex offender must register under RCW 9A.44.130 and RCW 9A.44.132.

RELATED TO NUMBER 19

Mr. Creekmore alleges that his constitutional right to present a defense under article I, section 22 of the Washington Constitution was violated by his trial counsel when his trial counsel allegedly refused to attach a U.C.C. § 1-308 form to his signature. SAG (Aug. 18, 2023) at 4-5.

As explained to Mr. Creekmore by the trial court, the U.C.C. is only applicable in contract disputes in a civil trial.  Mr. Creekmore was charged criminally; the U.C.C. is inapplicable.

RELATED TO NUMBER 20

Finally, Mr. Creekmore alleges he did not understand he was giving up his right not to testify against himself.  This argument fails for two reasons.  First, Mr. Creekmore

17

signed the statement of defendant on submittal or stipulation of facts and stipulated fact

that acknowledged he was giving up his right not to testify against himself. Secondly, the

trial judge engaged in a colloquy with Mr. Creekmore to ensure he understood the

important constitutional rights he was voluntarily waiving. The record supports Mr.

Creekmore knowingly, voluntarily, and intelligently waiving his right to not testify

against himself.

SAG—FILED OCTOBER 10, 2023

On October 10, 2023, Mr. Creekmore filed another SAG that identified several

supplemental matters. We address each SAG in turn.

ELIGIBILITY FOR RELIEF FROM REGISTRATION

Mr. Creekmore appears to claim he is eligible for relief from the mandatory

registration requirements of RCW 9A.44.132. He cites multiple provisions of chapter

9A.44 RCW that articulate when an individual is eligible for relief from registration.

Mr. Creekmore also asks us to recognize the applicability of the recently enacted

RCW 9A.44.144. Among other provisions of the statute, effective November 1, 2023, a

person who is not an adult who is legally obligated to register as a sex offender may be

relieved of the duty. RCW 9A.44.144. As will be discussed below, the record does not

contain a sufficient factual basis to support Mr. Creekmore's eligibility under the recently

enacted statute.

JUVENILE REGISTRATION REQUIREMENT

Next, Mr. Creekmore claims that research shows juvenile offenders are less likely to commit future sex offenses.[3]  Because juveniles are fundamentally different than adults, Mr. Creekmore asserts their youthfulness should be considered when deciding constitutional issues.  *State v. Watkins*, 191 Wn.2d 530, 544, 423 P.3d 830 (2018).  Mr. Creekmore posits that requiring juveniles to register based on sex offenses undercuts their right to be treated with reduced culpability due to their young age and immaturity.

Mr. Creekmore devotes much of his SAG to discussing relief options for juveniles, and how, in his opinion, the mandatory registration of juvenile offenders leads to due process violations.  It appears Mr. Creekmore is asking us to assume that he committed the sexual offense as a juvenile.  However, the record lacks any evidence of Mr. Creekmore's age at the time he committed the offense.  The parties agree the Louisiana offense occurred in 2002 and Mr. Creekmore's date of birth is March 13, 1984.  If the offense occurred anytime after March 13, 2002, Mr. Creekmore would not have been a juvenile offender.

An appellant seeking review has the burden of organizing the record to sufficiently present the issue before the court.  *State v. Wade*, 138 Wn.2d 460, 464, 979 P.2d 850

---

[3] Mr. Creekmore offers no citations or supplements to the record to support this contention.

19

(1999). Under RAP 9.6(a), the party bringing the issue for review has the duty to designate the clerk's papers and exhibits they want the appellate court to consider on review. Finally, the court will not consider matters raised in a brief but not included in the record. *State v. Stockton*, 97 Wn.2d 528, 530, 647 P.2d 21 (1982).

Here, Mr. Creekmore had a duty to provide the court with information pertaining to his appeal. Mr. Creekmore failed to provide this information. As such, we cannot speculate as to whether or not he was a juvenile when he committed the 2002 Louisiana offense. Therefore, there is no need to address his argument that as a juvenile offender he was entitled to relief from registration, and that by not getting that relief his right to due process was violated.

COMPARABILITY ANALYSIS

Mr. Creekmore incorrectly asserts that the State had to prove his Louisiana conviction was comparable to a Washington offense. In *Batson* II, the Washington Supreme Court held that a comparability analysis is no longer required to sustain a conviction under RCW 9A.44.132. 196 Wn.2d at 675. The court notes that the legislature did away with the requirement of a comparability analysis in 2010 by changing the definition of a sex offense. *Id.* at 676. RCW 9A.44.128(11)(h) defines a sex offense as "[a]ny out-of-state conviction for an offense for which the person would be required to register as a sex offender while residing in the state of conviction . . . would

be classified as a sex offense under this subsection." Therefore, if Mr. Creekmore would be required to register as a sex offender under Louisiana law then this registration requirement would be sufficient for RCW 9A.44.130 and RCW 9A.44.132, respectively.

Louisiana law requires any adult or juvenile to register as a sex offender if they have been convicted of a sex crime as defined by LA. STAT. ANN. § 15:541. LA. STAT. ANN. § 15:542. Under LA. STAT. ANN. § 15:541(24)(a), a sex offense includes the crime of child molestation under LA. STAT. ANN. § 14:81.2. Here, Mr. Creekmore was convicted of the crime of molestation of a juvenile in the State of Louisiana in 2002, and as such was required to register in Louisiana. This conviction meets the definitional requirements of RCW 9A.44.128(12)(h) of an out-of-state conviction for an offense for which the person would be required to register as a sex offender while residing in the state of conviction.

INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, Mr. Creekmore argues he received ineffective assistance of trial counsel that resulted in his guilty plea not being made knowingly, intelligently, and voluntarily. This argument is grounded in his assertion that his trial counsel failed to explain the State's obligation to conduct a comparability analysis in order for him to be found guilty of RCW 9A.44.132.

Mr. Creekmore's argument fails for two reasons. First, he did not enter a guilty plea; he assented to a stipulated facts trial. Secondly, our above-mentioned reasons concerning the inapplicability of a comparability analysis apply here.

CONCLUSION

We affirm Mr. Creekmore's conviction and remand to the trial court to enter written findings of fact and conclusions of law as required by CrR 6.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Fearing, C.J.

Staab, J.